# DWELLING HOUSE INSURANCE COMPANY, OF BOSTON, MASSACHUSETTS

## v.

## JAMES JONES.

*Fire Insurance—Policy—Conditions—Breach of—Waiver.*

This court reverses the judgment for the plaintiff in an action upon an insurance policy, assured having failed to furnish sworn proofs of loss within thirty days after the goods in question were burned, the furnishing of such proofs being, under the policy, a condition precedent to the right of recovery, no waiver having been made.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Richland County; the Hon. B. R. BURROUGHS, Judge, presiding.·

This was an action brought upon a policy of insurance which included a period of time from July 8, 1890 to July

8, 1895, upon certain household furniture in a certain building; the amount of the policy was $300, and was issued upon the written application of the assured, made to the company through its agent, one Miller. On January 11, 1891, the premises and the property insured were destroyed by fire. On January 13th, Miller wrote the company of the loss, and again on January 28th. No answer was made by the company to these letters.

On February 6, 1891, appellee wrote the general agent of the company, notifying him of the loss, and that letter was replied to February 19, 1891, and said their special agent would the next week call on appellee, and added : " Our object in sending him is to ascertain certain facts relative to the claim but not to waive or extend any of the terms of the policy, neither he nor any other special or local agent having any authority to grant such waiver or extension." On February 23rd a special agent of the company visited the place of fire and learned that the building in which the insured property was was occupied as a saloon; and testifies that he did nothing in reference to the loss, except to look over the ruins and ascertain from appellee when and how the fire occurred; and says that he told appellee if he had a claim against the company the policy would direct him what to do. Appellee testifies that the special agent copied the list of property claimed to have been destroyed and the agent stated to him that the company was not liable because the premises were occupied as a saloon. The agent through whom the application was made knew at the time of sending the application how the building was occupied before the policy was issued.

On March 4, 1891, the attorney of appellee wrote the general agent of the company, saying that nothing was done by the special agent, and asking what the company intended to do. To this letter the general agent replied on March 9, 1891, denying liability on the part of the company for the reasons, . " First : Occupancy of the building for purposes other than those of a private dwelling, contrary to the warranties in his application and the conditions of

Dwelling House Ins. Co. v. Jones.

his policy. Second: Failure on his part to comply with the requirements of the policy as to proofs of loss." On April 1, 1891, suit was commenced on the policy by appellee, and on April 2d, proofs of loss were for the first time made and forwarded to the company and by it received on April 4, 1891. Plaintiff claims a right of recovery because of the fact that the special agent of the company stated to him on February 23d that the company was not liable because the premises were occupied as a saloon.

The policy contains this clause among others: "In case of loss or damage under this policy the insured shall give immediate notice thereof, in writing, to this company. * * * And within thirty days after the loss or damage by fire or lightning, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge of the insured as to the time, origin and circumstances of the loss, the interest of the insured and all others in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances, if any, thereon, all title to and incumbrances, if any, on the ground on which the property insured is situated, etc.; by whom and for what purpose any building described and the several parts thereof were occupied at the time the loss or damage took place; to which shall be annexed a certificate of the register or notary public living nearest the place of loss, stating that he had examined the circumstances and believes the insured has honestly sustained loss to the amount that such register or notary public shall certify." A verdict and judgment was rendered for plaintiff and defendant brings the record to this court by appeal.

Messrs. HARBERT & DALEY and T. W. HUTCHINSON, for appellant.

Mr. JOHN LYNCH, JR., for appellee.

MR. JUSTICE PHILLIPS. By the terms and stipulations of this policy, the rendering of sworn proofs of loss to the defendant company within thirty days after the insured

property was burned is a condition precedent to the right of plaintiff to recover, unless such proof of loss was waived by the company. That such proofs of loss were furnished within thirty days is not claimed, and nothing in the letters of the general agent can be held to be such waiver; and no letter was written, as appears from this evidence, until after the lapse of more than thirty days after the loss by fire. The special agent who was sent to ascertain the facts relative to the claim, but not to waive or extend any of the terms of the policy, did not visit the scene of the fire until after the lapse of more than forty days. At the time of the first letter from the general agent and at the time of the visit to the scene by the special agent, the plaintiff had failed to comply with a condition precedent, and it can not be held that anything said by the general agent or the special agent was a waiver of plaintiff's obligation to render such sworn proofs of loss as required by the terms of the policy. Engebretson v. The Hekla Fire Insurance Company, 58 Wis. 301; Cedar Rapids Insurance Co. v. Shimp, 16 Ill. App. 248.

The judgment is reversed and the cause will not be remanded.

*Judgment reversed.*