### The Phenix Insurance Company v. Howell Lewis.

1. INSURANCE—*What are Satisfactory Proofs of Loss.*—Where a policy of insurance simply requires that notice in writing of a loss shall be given to the company at a specified office, and that payment shall be made upon receipt of satisfactory proofs, not specifying otherwise of what such notice and proof shall consist, if a written notice of loss is sent to the office specified, and the company makes no objection to the form of the notice and demands no further or other proof, such notice is a sufficient compliance with the terms of the policy.

2. SAME—*Conditions of the Policy.*—Conditions in a policy of insurance, a failure to comply with which on the part of the insured works a forfeiture, are to be construed strictly against the insurers and

liberally in favor of the insured, so that the latter will be held to nothing not expressly required by the terms of the condition.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

F. M. and D. V. YOUNGBLOOD, attorneys for appellant.

A. W. LEWIS, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

"The controlling question to be determined by this court," "the single question" presented by this record, in the language of appellant's counsel, is the construction of those parts of policy No. 0344482, which relate to the proofs of loss. The evidence is sufficient to justify the findings and judgment of the court, if proofs of loss, other than the notices given, were not required by the policy under the circumstances of the case. To this single question we turn our attention.

Policy No. 0344482 was for $500, of which $350 was on appellee's dwelling house at Stone Fort, and $150 on certain articles contained therein. On February 20, 1894, the building was wholly destroyed by fire, and most of the personal property insured was burned at the same time. Appellee gave personal notice of the fire to J. N. Walden, appellant's local agent, by whom the insurance had been effected, and also gave at least two written notices of the loss to appellant's general agent at Chicago, the last by a registered letter, for which a receipt was received in due course of mail. In one of these letters, appellee stated that his property had been totally destroyed by fire. No other written notice of the loss was given the company.

Appellee's property had been slightly damaged by fire on a former occasion, and Walden had furnished the blanks of this same company, on which appellee had made the proofs of loss, which became the basis of an adjustment with the

company. In fact, the evidence shows that it was the custom of the company to furnish the blanks for that purpose, through the local agent, if the loss was small, but to send an adjuster if the loss was as large as the one involved in this case, and to furnish the blanks through the adjuster if it was decided to pay for the loss.

Appellee applied to Walden for blanks after the second fire. Walden said that he did not have the blanks, but that he had notified the company of the loss, and that he was satisfied that the adjuster would come soon; that in case of a "fire of that size, they would send a man down," and " would attend to it right away."

Soon afterward, an agent of the company went to Stone Fort, whose business it was to "investigate the causes of loss." An investigation was made; the special agent and Walden " talked the matter over," concluded " that it was a suspicious fire," and decided to " await developments." Walden had already reported to the company, by letter, the circumstances attending the fire, having made inquiries on the subject of appellee himself.

No direct communication was made to appellee by the company, but his letters were filed away and left unanswered. Appellant was " awaiting developments," or, in other language, " lying low."

With the foregoing facts in view, attention should now be directed to the provisions of the policy relating to notice and proofs of loss.

It is first provided that appellant shall make good to the assured certain loss or damage, *on receipt of proofs of loss satisfactory to the company, at its Chicago office.*

It is also provided that " in case of loss or damage, the assured shall forthwith give notice of said loss in writing to the company;" that " the assured shall, *if required*, submit to an examination, or examinations, under oath, by any person appointed, and subscribe to such examination when reduced to writing;" that if the " policy is made payable in case of loss, to a third person, or held as collateral security, the proofs of loss shall be made by the party originally insured."

There is no other provision of the policy in any manner defining what is meant by proofs of loss, or showing what such proofs shall contain, or how the same shall be verified.

The first proposition of law which may aid in the solution of the question under consideration is thus stated in 2 May on Insurance, Sec. 465 : "No doubt the usual stipulations that the insured shall furnish certain preliminary proofs of loss, when loss has been sustained, are conditions precedent, without compliance with which no recovery for a loss can be had. But in conformity to the general rule applicable to conditions precedent, a failure to comply with which works a forfeiture, they will be considered strictly against the insurers, for whose benefit they are imposed, and liberally in favor of the insured, upon whom they impose burdens more or less onerous; so that the latter will be held to nothing in this behalf not expressly required by the terms of the condition."

What do the terms of the conditions of this policy expressly require with reference to proofs of loss ? As to the examination under oath, appellee is not required to take the initiative. He must submit to such an examination, if this is required, and not otherwise. The provision requiring the insured to give written notice of the loss was fully complied with by appellee's letters to the company's agent at Chicago. The provision that if the policy is made payable to a third person, etc., the proofs of loss shall be made by the party originally insured, does not explain what is meant by proofs of loss, but merely charges the party originally insured with the duty of making such proofs to the same extent and in the same manner as if such policy had not been made payable to a third person. Thus the question is narrowed down to the discussion of the force of the expression "satisfactory proofs of loss."

If the policy specified what the proofs of loss should contain, that would be an end of the argument. But the policy does not do that. It merely requires satisfactory proofs of loss.

Where the only stipulation on the subject is that the

proofs of loss must be satisfactory, and the insured is without any information from the policy as to what will be deemed satisfactory, must the insured prepare and forward proofs of loss as an experiment, for the purpose of giving the insurer an opportunity to object? In this case, appellee gave appellant written notice of the loss. He gave notice to appellant's agent at Stone Fort also, and asked for blanks, which had been furnished him before through the same channel. The agent notified the company, and a special agent went to Stone Fort and investigated the matter, and decided that the company would await developments. It had been the custom of the company to furnish blanks, either through the local agent or adjuster. It was the duty of appellant, in this case, to furnish blanks, or to say what would be regarded as satisfactory, before appellee was required to take further measures to furnish proofs of loss. While appellant had no right to make unreasonable exactions, yet appellant had the right to be *satisfied* with very little proof, or even with no proof at all. How could appellee divine the desires of this corporation and determine what would satisfy its official head?

Phœnix Ins. Co. of Brooklyn v. Rad Bila Hora C. S. P. S., decided by the Supreme Court of Nebraska in 1894, 59 N. W. Rep. 752, is in point. It is held in that case that where a policy of insurance simply requires that notice of loss shall be given to the company, at a specified office, in writing, and that payment shall be made upon receipt of proper proof, and does not specify otherwise of what such notice and proof shall consist, if notice of the loss be sent in writing to the office specified, and the company makes no objection on account of the form of the notice, and makes no demand for further or other proof, such notice is a sufficient compliance with the terms of the policy.

" The controlling question to be determined by this court " having been disposed of, we do not feel under obligation to consider other questions which counsel for appellant have not regarded as sufficiently important to justify an argument. The judgment is affirmed.