Third District—November, 1911. 217

Hill v. Frat. Mystic Circle, 164 Ill. App. 217.

## C. H. Hill et al., Appellees, v. The Supreme Ruling of the Fraternal Mystic Circle, Appellant.

1. FRATERNAL BENEFIT SOCIETIES—*what essential to recover upon certificate*. In order to recover upon a benefit certificate it must be shown that the defendant in the action issued the same or assumed liability thereunder. The fact that payment of dues may have been made to the society and accepted by it is not in itself sufficient to create liability.

2. FRATERNAL BENEFIT SOCIETIES—*effect of failure to file proofs of loss*. If proofs of loss are required by the certificate and by-laws of the society a failure to present the same will preclude a recovery.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed November 1, 1911.

JOSEPH M. BAKER and C. E. POPE, for appellant; F. H. DUCKWITZ, of counsel.

HILL & BULLINGTON, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

The declaration is upon a certificate of insurance issued by the Home Forum, a fraternal insurance company. The declaration sets forth by proper averments the issuance of the certificate, the membership of the deceased, and the continuance of membership in good standing from February 6, 1894, the date of the issuing of the certificate, until the death of the insured, December 9, 1909, together with the payments of all assessments due thereon, with proper averments of the death of the insured and the making of proofs of loss required by the certificate issued by the Home Forum, and the failure to pay the amount of said certificate by the defendant. The declaration alleges in

218   APPELLATE COURTS OF ILLINOIS.

Hill v. Frat. Mystic Circle, 164 Ill. App. 217.

general terms that on May 27, 1907, the defendant assumed all the obligations of the benefit certificate issued by the Home Forum, and that after that date all payments which became due by reason of the membership of the deceased in the Home Forum were paid to the defendant order and received by defendant order according to the terms and provisions of the laws and the certificate of membership of the said Home Forum up to the time of the death of the insured. The declaration does not set forth any contract or aver any conditions or circumstances under and by virtue of which the defendant company assumed the liabilities of the certificate issued by the Home Forum or by which defendant became liable to pay to the plaintiffs the amount of the policy issued by the Home Forum, except the averment that after May 27, 1907, the defendant company received and accepted from the insured all dues required to be paid under the Home Forum certificates up to the time of her death. To this declaration a general and special demurrer was filed, the court overruled the demurrer, and the defendant pleaded to the declaration, filing the general issue and one special plea. To this plea a demurrer was filed and the court sustained the demurrer, the defendant elected to abide by its plea, and assigns as error the sustaining of the demurrer to the special plea.

All the matters and things set forth as a defense in and by the special plea could have been shown under the general issue; in order to show the facts averred in this plea it was not necessary that a special plea should have been filed, and where matters set forth in a special plea are proper to be shown under the general issue, it is not error to sustain a demurrer to the special plea, and the court did not err in sustaining the demurrer. Defendant offered no evidence of any of the facts set forth in the special plea, and where the matters set forth in a special plea to which a demurrer

THIRD DISTRICT—NOVEMBER, 1911.    219

Hill v. Frat. Mystic Circle, 164 Ill. App. 217.

is sustained can be shown under the general issue, but no offer to prove such facts under the general issue is made and its offer refused, the sustaining of such demurrer cannot be assigned as error.

Issue was joined upon the general issue and a trial had by the court without a jury, which resulted in a judgment against the defendant for two thousand dollars. No propositions of law were submitted to the trial court, and consequently, the only questions raised upon this record are, first, the action of the court in sustaining the demurrer to the special plea, and the action of the court in refusing to exclude the evidence of the plaintiff, on motion of defendant, and refusing to find for the defendant. This motion raises the question as to whether or not there is sufficient evidence in the record to sustain the judgment of the trial court and whether the proof sustains the allegations of the declaration.

The plaintiffs, to sustain the allegations of their declaration, introduced, first, the policy of insurance issued by the Home Forum, made proof of the death of the insured, together with proof of the payment to the defendant, from May 27, 1907, until the death of the insured, of the amount of dues required under the policy in the Home Forum. This was all the evidence offered by the plaintiffs; defendant offered no evidence. It is insisted by defendant that the record does not show any facts which constitute proof of liability against this defendant, also that the record does not show that proofs of loss averred to have been furnished as were required by the policy issued by the Home Forum were ever made by the plaintiffs.

The benefit certificate issued by the Home Forum offered in evidence of itself creates no liability against this defendant; it was not issued by it and there is no evidence showing that the defendant by contract ever assumed any liability under that certificate. The gen-

220 APPELLATE COURTS OF ILLINOIS.

Hill v. Frat. Mystic Circle, 164 Ill. App. 217.

eral averment in the declaration that the defendant assumed the liability created by that certificate required plaintiffs to show either a contract or such facts and circumstances which created the liability against the defendant before a recovery can be had.

Liability is attempted to be shown by the fact that after May 27, 1907, the insured, either by herself or agent, paid to the defendant company and defendant company received the dues provided to be paid by the terms of the certificate issued by the Home Forum. Plaintiffs do not claim that any policy of insurance or membership certificate was issued by the defendant order to the insured. The fact that payment of these dues was made to defendant and accepted by it is not sufficient to create liability against the defendant, without proof of the specific facts or circumstances under which the liability against the defendant was created.

The record does not disclose, and there is no contention, that the plaintiffs or anyone for them furnished to the defendant or to the Home Forum any proofs of loss. Before recovery can be had under the declaration it was necessary to show proofs of loss were made as averred, in accordance with the conditions of the policy sued on.

The proof does not support the material averments of the declaration and the judgment must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*