## Gilbert Miller, Appellant, v. The Milwaukee Mechanics' Insurance Company, Appellee.

1. INSURANCE—*proof of loss.* A condition in a fire policy requiring proof of loss within 60 days of the date of the fire and relieving the company from liability in case of failure to comply with such requirement, is valid.

2. INSURANCE—*proof of loss.* A condition of a fire insurance policy requiring proof of loss within 60 days of the fire is not complied with where proofs are furnished 61 days thereafter and the company is thereby relieved from liability.

Appeal from the Circuit Court of McDonough county; the HON. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

134    APPELLATE COURTS OF ILLINOIS.

Miller v. The Milwaukee Mechanics' Ins. Co., 181 Ill App. 133.

ELTING & HAINLINE and H. H. HARRIS, for appellant; GILBERT J. HAINLINE, of counsel.

FLACK & LAWYER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff brought suit against the Milwaukee Mechanics' Insurance Company for loss under a policy of insurance issued by that company to him on a restaurant, stock and fixtures contained therein. This policy was one known as a standard policy and required as one of the conditions thereof that if a loss should occur the plaintiff should within sixty days after the fire furnish defendant with a full and complete proof of loss according to the requirements of said policy.

The fire occurred on July 12, 1911, proofs of loss were furnished to the defendant by plaintiff September 11, 1911.

The amended declaration upon which the judgment was finally determined contained the policy together with the conditions named therein, there being numerous others besides the one herein cited, showing the date of the fire and the date when proofs of loss were furnished, the declaration does not aver any waiver or release of the conditions. Defendant demurred to the declaration, the demurrer was sustained. Plaintiff elected to stand by his declaration and judgment was rendered against him on the demurrer and in bar of action, from which he appeals.

Plaintiff and defendant entered into the contract of insurance of which the condition set forth was one of the material conditions of the policy and under the contract made by plaintiff with defendant he was required to furnish sworn proofs of loss within sixty days from the date of the fire, and if he failed to do

so the company was relieved from any liability under the terms of the policy. The question necessary to determine is whether or not this condition of the policy is a valid condition and one that is binding upon the parties. Under a like policy it is held a valid and binding condition, in *Dwelling House Ins. Co. v. Jones,* 47 Ill. App. 261. While some courts have held to the contrary doctrine, we are satisfied that the holding in that case is correct. A full compilation of authorities on this question is found in 15 Am. and Eng. Ann. Cas., 336 [note to *Davis v. Northwestern Mut. Fire Ass'n,* 48 Wash. 50], and in 157 Fed. Rep. 695.

The declaration in this case alleging that the loss occurred on the 12th day of July, 1911, and that proofs of loss were furnished on the 11th day of September, 1911, sixty-one days after the fire occurred, was not a compliance with the condition of the policy and that by reason of the failure to furnish these proofs of loss within the time required defendant is relieved from liability thereunder.

The trial court properly sustained the demurrer to this declaration, and its judgment will be affirmed.

*Affirmed.*