**J. J. Gallagher, Appellee, v. American Alliance Insurance Company of New York, Appellant.**

**Gen. No. 26,378.**

1. Insurance, § 436*—*when proof of loss must be given.* Where a policy insuring an automobile against theft provides for the giving of notice forthwith of the loss and for making a sworn proof of the claim, compliance with such terms is a condition precedent to the right to recovery, and under such policy it is incumbent upon the assured to give notice of his loss within a reasonable time.

2. Insurance, § 615*—*who has burden of showing proof of loss.* The burden rests upon the assured to prove that a sworn proof of loss was furnished as provided by the terms of a policy of automobile insurance for theft, or that the insurer expressly waived such proof.

Appeal from the Municipal Court of Chicago; the Hon. Bernard P. Barasa, Judge, presiding. Heard in this court at the October term, 1920. Reversed with judgment of *nil capiat.* Opinion filed February 19, 1921.

Bates, Hicks & Folonie, for appellant.

A. J. Bedard, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

In a trial before the court plaintiff had a finding

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and judgment for $695 against defendant, who appeals.

Plaintiff's cause of action is based upon a policy of insurance in the defendant company, insuring plaintiff in the sum of $695 against theft, robbery or pilferage of his automobile within certain territory between August 18, 1919, and August 18, 1920.

Plaintiff contends that the insured automobile was stolen on October 17, 1919, in Chicago, from in front of a saloon where he had left it during his absence in the saloon with a friend; that when he came out of the saloon at the end of 10 minutes his automobile had disappeared.

The policy contained two conditions precedent to the liability of defendant. One was that, "In the event of loss or damage the assured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy"; second, that "within sixty days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured, and of all others in the property." The policy also contains this provision:

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void."

Neither by the statement nor the evidence does it appear that plaintiff forthwith gave notice of his loss or made proof or claim within the terms and conditions of the provision of the policy making it necessary for him so to do as a condition precedent to his right of recovery.

It appears that plaintiff is a traveling man, and 2 weeks after his loss, October 31, 1919, he wrote a

letter to the Central Investment Company, from Keokuk, Iowa, in which he made the statement that they would be surprised to hear from him and at the contents of the letter informing them of his loss; that he had left the car in a place in Chicago 2 weeks previous, and when he came out again it was gone. Why plaintiff should have sent this letter to the Central Investment Company does not appear. In his evidence he said: "I do not know who they are"; but it is a fact that such letter came into the possession of defendant.

Plaintiff made no proof of his loss as required by the terms of the policy. No proof in writing was ever made of such loss.

It was incumbent upon plaintiff to prove the furnishing to defendant of a sworn proof of loss, as provided by the terms of the policy. The law does not raise a presumption of the receipt of such proof because of the failure of the defendant to prove that no such proof had been received. Under the terms of the policy the burthen rested upon plaintiff to prove that a sworn statement of the loss was furnished defendant or that the defendant expressly waived such proof.

When plaintiff applied to defendant for reimbursement for loss under the policy, defendant denied liability because of the failure of plaintiff to give notice of the theft forthwith after the loss, and because no proof of claim had ever been made and sent to the defendant company. It is clear that under these circumstances plaintiff is not entitled to a recovery; that the giving of notice forthwith of the loss and making proof of the claim are conditions precedent to the right of recovery. That is the contract which the parties made; under it, it was incumbent upon plaintiff, in the exercise of due diligence, to give notice of his loss to defendant within a reasonable time. There is a practical reason for such a provision, for

it is common knowledge that quick action after the theft of an automobile may lead to its recovery, and that delays tend to at least materially impair the chance of recovery of the stolen automobile, delays giving the thief an opportunity to so disguise the car as to make identification difficult to say the least. *A. M. Forbes Cartage Co. v. Frankfort Marine, etc., Ins. Co.,* 195 Ill. App. 75.

The condition providing for the making of a sworn proof of loss is binding upon the parties, and without making such proof within the time limited in the policy, there can be no recovery. *Miller v. Milwaukee Mechanics' Ins. Co.,* 181 Ill. App. 133; *Hill v. Supreme Ruling of Fraternal Mystic Circle,* 164 Ill. App. 217.

We find no evidence of a waiver by defendant of this requirement of the policy.

Plaintiff, having failed to prove compliance on his part with the conditions of the policy precedent to his right to recovery, as above recited, or the waiver of such proofs by defendant, has failed to make out a case of liability against defendant under the policy in evidence.

In these circumstances it is incumbent upon this court to reverse the judgment of the municipal court with a judgment of *nil capiat* here, which is done accordingly.

*Reversed with judgment of nil capiat.*

DEVER and McSURELY, JJ., concur.