## E. J. Abt, Appellee, v. National Surety Company, Appellant.

1. INSURANCE—*insufficiency of proofs of loss on burglary policy.* No recovery under a policy of burglary insurance can be had where it required that the proofs of loss should state the manner in which the robbery was committed, the name or names of all persons suspected to have been implicated, and the visible evidence of burglary, and the proofs filed by the assured failed to state the names of any persons suspected or that they were unknown or as to how the burglary was committed or what the visible evidence thereof was, and there was no waiver of the policy provisions.

2. INSURANCE—*failure of proof to show "visible marks" of burglarious entry.* The requirement of a policy of insurance against burglary by force and violence, of which "there shall be visible marks made by tools or explosives upon the premises," is not satisfied by evidence that a visitor who was in the house at the time of the burglary saw a strange man in the house who went into a certain room in which the windows overlooked a porch roof, that the assured found some visible marks, which were not described, on the windows of such room, some time after the loss occurred, where there is also evidence that assured had stated that he had examined the windows throughout the house and had found no marks anywhere and that the porch roof in question,

which was very slanting and dust covered, showed no marks or footprints.

3. APPEAL AND ERROR—*stipulation by parties as to trial proceedings not substitute for transcript.* A stipulation of the parties as to certain proceedings in the trial court not shown by the transcript of record cannot operate to incorporate into the transcript matters not otherwise shown therein.

4. INSURANCE—*special plea not prerequisite to raising defense of failure to prove loss.* A special plea that assured failed to file proper proofs of loss and that he failed to prove a right of recovery under the policy is not a prerequisite to the right to raise such questions by way of defense under the general issue.

Appeal by defendant from the City Court. of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1923. Reversed with finding of fact. Opinion filed July 2, 1923.

C. E. POPE and H. F. DRIEMEYER, for appellant.

MAURICE V. JOYCE and A. B. GARRETT, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant to recover under a burglary insurance policy for loss of goods alleged to have been stolen from appellee's home. The declaration consists of one count, in which the policy sued on was set forth *in hæc verba* and alleging that the home of appellee had been burglarized and a wrist watch and breastpin belonging to appellee's wife had been stolen. To said declaration a plea of the general issue was filed. A trial was had resulting in a verdict and judgment in favor of appellee for $425. To reverse said judgment this appeal is prosecuted.

The record discloses that on Sunday, December 18, 1921, a party of eight young women spent the afternoon at the home of appellee making dresses for an entertainment to be given later in the Masonic Temple. All of the young ladies left the home of appellee

about six o'clock that evening except a Miss Davies, who remained for supper and accompanied Mrs. Abt to the Masonic Temple for a recital meeting. About seven o'clock in the evening, Mrs. Abt went to her room on the second floor of their residence to get her wraps and jewelry and found her wrist watch and breastpin missing.

It is first contended for a reversal of said judgment that appellee failed to furnish proofs of loss as provided for under the policy sued on. Said proofs-of-loss form required that the claimant state therein "the manner in which the robbery was committed and the names of all persons known or suspected to have been implicated therein." Also, the "visible evidence of burglary." The proofs filed by appellee failed to state the name or names of persons suspected or that they were unknown and as to how the burglary occurred or what the visible evidence of the same was. These provisions of the policy were not waived by appellant, but were continually insisted upon.

Unless there has been a waiver by the insurance company of the proofs of loss, it is incumbent upon the party seeking to recover on such policy to make proof thereof as a part of his case. *Phenix Ins. Co. v. Lewis,* 63 Ill. App. 228; *Hill v. Mystic Circle,* 164 Ill. App. 217; *Miller v. Milwaukee Mechanics' Ins. Co.,* 181 Ill. App. 133; *Gallagher v. American Alliance Ins. Co.,* 220 Ill. App. 476.

It is also contended by appellant that, on the merits, appellee has not made out a case under the provisions of said policy. The policy here sued on by its terms provided insurance: "For Direct Loss by Burglary of any of the property described in the schedule hereinafter contained and stated to be insured hereunder, occasioned by its felonious abstraction from the interior of the house, building, flat, apartment or rooms actually occupied by the assured, and described in said schedule and hereinafter called the premises, occa-

sioned by a person or persons except the assured, making felonious entry into the premises by force and violence, of which force and violence there shall be visible marks made by tools or explosives upon the premises.''

Counsel for appellant insists that under no consideration does the evidence in the record show that the burglary, if one was committed, was by force and violence, of which force and violence there was ''visible marks made by tools or explosives upon the premises.'' On the other hand, appellee contends that there was a forcible entry of his premises and that the proof showed visible evidence of the same. Miss Davies testified on behalf of appellee: ''I saw a colored man there that evening upstairs. The third time I went upstairs I saw this colored man and then I went upstairs the fourth time just before we left the house. That was between six and seven o'clock. This man was coming from Mrs. Abt's bedroom into the hall room, and I was standing in the hallway, about halfway between the bathroom and the hall bedroom, and saw him coming out of Mrs. Abt's room, and last saw him when he disappeared into the hall room. He did not shut the door behind him. I just saw him as he went by and did not know who he was.'' Said witness admitted that she had made no report of this occurrence to anyone until several days thereafter. Appellee testified: ''I don't know now who stole the articles. I didn't see anybody in the house, and I don't know how they got in. I found some visible marks later after the loss occurred; they were on the window sill of the window that goes into the small room upstairs, on the second floor, off of the roof of the porch.'' Appellee further testified that it was some week or ten days after the alleged burglary that he saw said marks.

One of the witnesses on behalf of the appellant testified that appellee stated to him, among other things,

that: "He had examined the windows upstairs and downstairs but there was no likelihood of anybody entering from the downstairs; that he examined the same the day following the visit of Miss Davies and that there were no marks anywhere and that he further stated that the roof is a very slanting roof and said the dust had been smooth there for some time and that it was absolutely undisturbed and that there were no marks or footprints of a man sliding down or having slid down." No description whatever was given by appellee of the marks he testified to having seen. The question therefore is whether, taking the testimony on the part of appellee as true, there is sufficient evidence in the record on which to base a verdict and judgment. There were no cases cited from this State covering the question here involved, and we have found none.

In *Rosenthal v. American Bonding Co. of Baltimore,* 207 N. Y. 162, the New York Court of Appeals passed on a policy of insurance very much of the same character as the one here involved and held that the provision with reference to the character of evidence that must be furnished in order to warrant a recovery was a valid and binding provision and must be met by a person seeking to recover thereon. The policy in the New York case gave indemnity: "For direct loss by burglary of any of the merchandise described in the schedule * * * occasioned by its felonious abstraction from the store, warehouse, office, loft or rooms, * * * occupied by the assured in the manner set forth in the schedule, by any person or persons who have made forcible and violent entrance upon the premises, or exit therefrom, of which force and violence there shall be visible evidence." A subsequent clause provided: "The company shall not be liable:—(1) Unless there are visible marks upon the premises of the actual force and violence used in making entry into the said premises or exit therefrom." The court in discussing these provisions with

reference to the sufficiency of the evidence, at page 169, says: "In this instance the insurer had a perfect right if it saw fit to require proof even of so-called evidentiary facts as an indispensable basis for recovery. The only inquiry can be whether the parties have assented to the incorporation in their agreement of a provision which clearly calls for such proofs of their alleged loss which the plaintiffs have not furnished. We think they have. We believe that the requirement that the violence and force employed in effecting a burglarious entry into premises must produce 'visible marks upon the premises' thus entered is plain beyond the need of argument, and that it means that the force and violence in 'making entry' must create visible traces upon the premises themselves which survive the act that produces them, and which being seen are evidence of a burglary; that it would be a distortion of the meaning of language to hold as argued that this provision is satisfied under the circumstances of this case by proof of acts performed by wrongdoers after entry in assaulting occupants and carrying away the contents of a building which leave no marks 'upon' the premises, and which are only visible to one who happens to be watching at the instant they are performed."

Tested by the law as laid down in the New York case, the evidence in this record wholly fails to sustain a right of recovery. The provisions in the policy here sued on require stronger evidence of the character of the burglary, if any, than was involved in the New York case. Counsel for appellee insist that this construction of the provision of said policy is too strict and cite *Brown v. Palatine Ins. Co.*, 89 Tex. 590, 35 S. W. 1060, as supporting their contention.

An examination of this case will disclose that the evidence of the character of force used was more satisfactory than in the case here involved. In the Texas case the requirement was that there should be visible

marks shown, and the court held that evidence that the bolt in a lock had been drawn and a door forced open by reason thereof was sufficient proof of visible marks of force and violence. While the Texas case is more liberal in its construction than the New York case, it does not support appellee's contention for the reason that in this case there is no proof whatever as to the character of force or violence used, if such was used.

Contracts of insurance, where ambiguous or uncertain in meaning, are to be construed most strictly against the insurance company, but where there is no ambiguity in the terms of the insurance contract, neither party can be favored in its construction, and if the stipulations are such as the parties might lawfully make, it is the duty of the court to enforce them. *Norwaysz v. Thuringia Ins. Co.*, 204 Ill. 334; *Martin v. Illinois Commercial Men's Ass'n*, 195 Ill. App. 421; *Dimmick v. Aetna Ins. Co.*, 213 Ill. App. 467; *Clarke & Co. v. Fidelity & Casualty Co.*, 220 Ill. App. 576.

In the contract of insurance here sued on there is no uncertainty or ambiguity in the language used to the effect that the entrance into the premises must be by force and violence "of which force and violence there shall be visible marks made by tools or explosives upon the premises." As there is no proof in the record meeting this requirement of said policy, we therefore hold that the record fails to show a right of recovery.

Appellee insists that appellant, in order to raise this question, should have filed a special plea setting up these matters. It is the further contention of appellee that no plea of any kind was filed after the declaration was amended. We have examined the record in this case and we find the declaration was amended on the 2nd day of October, 1922, and thereafter, on the 11th day of October, a plea of the general issue was filed. The parties filed a stipulation in this

court with reference to certain proceedings in the trial court which they claim are not shown by the transcript of record. A case on appeal to the Supreme or Appellate Court must be tried on the record of the lower court as disclosed by the transcript of that record filed in the court of appeal. The parties cannot by stipulation incorporate into the transcript of record matters not otherwise appearing therein. *Stock Quotation Tel. Co. v. Board of Trade,* 44 Ill. App. 358; *Harding v. Brophy,* 133 Ill. 39; *City of Chicago v. South Park Com'rs,* 169 Ill. 387.

We do not, however, agree with the contention of appellee that in order to raise the question of the failure to file proper proof of loss and the failure to make proof showing a right of recovery under the terms of the policy, a special plea must be filed. The law in this State is to the contrary. *Hill v. Mystic Circle, supra; Gallagher v. American Alliance Ins. Co., supra.*

Other rulings of the court were complained of, but in our view of the case it is not necessary to discuss the same.

For the reasons above set forth the judgment of the trial court is reversed.

*Reversed with finding of fact.*

Finding of fact. We find as an ultimate fact to be incorporated in the judgment in this case that there was no proper proof of notice of loss as provided in said policy of insurance and that there was no proof by visible marks by tools or explosives of a felonious entrance into appellee's premises by force and violence.