## THOMAS BIRMINGHAM *vs.* THE FARMERS' JOINT STOCK INSURANCE COMPANY.

A policy of insurance contained a provision that, in case of loss or damage, the insured should forthwith give notice of said loss to the company, as soon as possible, and, within twenty days, render a particular account of such loss, sworn to, &c. The answer set out this condition of the policy, and averred that the plaintiff failed to perform such condition. *Held,* that this was a sufficient specification of a particular breach of, or failure to perform, this condition, to meet a general allegation that the plaintiff had fulfilled all the conditions of the policy, and to put such fact in issue.

The proof of loss, required by the conditions of a policy, was not furnished within the time therein specified. The plaintiff claimed there had been a waiver of the proof. The evidence of such waiver consisted of a letter from the defendant's secretary, in which he acknowledged the receipt of notice of the fire and of a request for proof-blanks, and said: "We have no proof-blanks at hand. It will probably be two weeks before our adjuster can reach this case." *Held,* that this was not a waiver of proofs of loss.

One of the conditions of a policy was, that "no act or omission of the company, or any of its officers or agents, shall be deemed, construed or held to be a waiver of a full and strict compliance with the foregoing provision of this section [relating to notice and proof of loss]; nor of any extension of time to the assured for compliance, except it be a waiver or extension in express terms, and in writing, signed by the president or secretary of the company." By another section of the conditions, it was declared that the policy was "made and accepted upon the foregoing terms, conditions and restrictions, and that nothing less than a distinct specified agreement in writing, signed by an officer of the company, shall be construed as a waiver thereof." *Held,* that the above mentioned letter of the defendant's secretary was not such an agreement as was specified in the condition, nor was it so intended.

*Held,* also, that these conditions were binding upon the assured, and precluded a recovery upon the policy, in a case where it was not claimed or pretended that they had been complied with by serving notice and proof of loss within the time specified therein, and there was no proof of waiver.

MOTION for a new trial, on exceptions to an order nonsuiting the plaintiff, ordered to the General Term, to be there heard in the first instance.

The action was on a policy of insurance upon the plaintiff's dwelling house and contents. Loss $566.95. It was tried at the Steuben circuit, in November, 1874, before the Hon. C. C. DWIGHT, circuit judge. The plaintiff was nonsuited at the trial. The questions upon which the nonsuit was granted sufficiently appear in the opinion.

*Hacker & Stevens,* for the plaintiff.

*Pratt & Brown,* for the defendant.

· *By the Court,* E. DARWIN SMITH, J. The policy upon which this action is brought contains a provision that in case of loss or damage by fire, the person sustaining such loss shall forthwith give notice of said loss to the company, as soon as possible, and within twenty days render a particular account of such loss, sworn to by them, stating the cash value of each article destroyed, and the amount of damage to each damaged article.

The answer of the defendant sets out this condition of the policy, and avers that the plaintiff failed to perform such condition.

This was a sufficient specification of a particular breach of, or failure to perform, this condition of the policy, to meet a general allegation that the plaintiff had fulfilled all the conditions of said policy, and to put such fact in issue. It is not pretended, and was not claimed at the trial, that the plaintiff had in fact complied with or fulfilled this condition of the policy. The fire occurred on the 15th day of June, 1873. Notice of such fire was given the 24th of the same month, and the proof of loss appears to have been verified on the 23d of July, thereafter, and to have been sent by mail to the

defendant on the 28th and actually received by the defendant on the 30th day of the same month, and to have been on the same day rejected by the said company and returned to the plaintiff's attorneys, for the reason that they were not received within the time required by the condition of said policy.

The plaintiff was allowed, at the trial, to give proof tending to show that the defendant had waived the delivery of said proofs of loss within the twenty days specified in the condition of said policy ; but he entirely failed, I think, to make satisfactory proof of such waiver, as required by the terms of the policy. The chief proof consisted in the letter of the secretary of the defendant's company, dated June 28th, in which he acknowledged the receipt of the notice of the fire, and of a request for proof-blanks, and wrote as follows : "We have no proof-blanks at hand. It will probably be two weeks before our adjuster can reach this case."

This was no waiver of the service of proofs of loss. It did not dispense with them, and merely suggested that the agent or officer who looked into cases of fire and adjusted terms, could not probably reach said case, in due order of business, within two weeks. It was, I should think, rather a suggestion to the plaintiff to get such proofs in within that time. It was no part of the duty of the defendant's company to furnish blanks for proofs of loss ; and there is no evidence showing, or tending to show, that it was customary for said company to do so ; or that they ever kept blanks for such purpose.

But this letter and the proofs, besides, do not make out a case of waiver, within the terms of the condition annexed to said policy as to the service of proof of loss, above referred to.

One clause of said section or condition, numbered section 8, is as follows : "No act or omission of the company, or any of its officers or agents, shall be deemed, construed or held to be a waiver of a full and strict com-

pliance with the foregoing provision of this 8th section ; nor of any extension of time to the assured for compliance, except it be a waiver or extension in express terms and in writing, signed by the president or secretary of the company."

Section 11 of the said conditions annexed to the policy further declares that "said policy is made and accepted upon the foregoing terms, conditions and restrictions, and that nothing less than a distinct specified agreement in writing, signed by an officer of the company, shall be construed as a waiver thereof." The letter of the defendant's secretary, above referred to, is no such agreement, and was not so intended.

These provisions in the conditions annexed to the policies issued by the defendant's company, have been inserted therein since the decision of the case of *Owen* v. *This Defendant,* (57 *Barb.*, 518,) which was before this court some years since, at General Term in the Seventh District, where I had occasion to discuss this question of waiver and other questions. These conditions are clearly binding on the plaintiff, and preclude a recovery in this action, upon the evidence given at the circuit.

The nonsuit was clearly right, and the motion for a new trial should be denied.

Motion denied.

[FOURTH DEPARTMENT, GENERAL TERM at Buffalo, June, 1876. *Mullin, E. D. Smith* and *Talcott,* Justices.]