## PALATINE INS. CO. v. LYNN.

No. 3626.    Opinion Filed July 14, 1914.

(141 Pac. 1167.)

1.  INSURANCE—Action on Policy—Proofs of Loss. In an action on a fire insurance policy, which provides that in case of loss the insured will give immediate notice to the insurer, and within 60 days thereafter furnish proofs of loss, testimony that such proofs of loss were furnished is necessary in order to establish a cause of action, unless the same have been waived by the insurer.

2.  SAME—Waiver of Proofs of Loss—Pleading. A waiver of proofs of loss must be pleaded in the petition in order that the evidence thereof may be admissible at the trial. Such proofs are not waived by an answer setting up other grounds as a defense to the action.

3.  SAME—Proofs of Loss—Demurrer to Evidence—Direction of Verdict. Where it is alleged in the petition that the proofs of loss were furnished as provided in the policy, these allegations are put in issue by the general denial in the answer, and, if at the trial no evidence is offered that such proofs had been furnished, there is a failure of proof, and a demurrer to the evidence is well taken on the ground that the testimony is not sufficient to support a judgment against the insurer, and the motion for an instructed verdict for the defendant is likewise well taken.

(Syllabus by Galbraith, C.)

*Error from District Court, Marshall County;*
*A. H. Ferguson, Judge.*

Action by G. E. Lynn against the Palatine Insurance Company. Judgment was for the plaintiff, and defendant brings error. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Chas. A. Coakley, F. E. Kennamer, Summers Hardy, Wm. M. Franklin,* and *D. A. Richardson,* for defendant in error.

Opinion by GALBRAITH, C. This action was commenced on the 5th day of October, 1909, to recover the amount of a fire insurance policy issued July 9, 1909, for a term of one year, covering a cotton gin property which it was charged was totally destroyed by fire on August 25, 1909. When the cause was called for trial on the 17th day of November, 1911, the plaintiff, by permission of the court, filed an amended petition, which charged, in brief, the entering into the contract of insurance between the plaintiff and defendant, attaching a copy of the policy thereto, the loss of the property, and its value, and further charged "that plaintiff furnished the defendant with notice of destruction of said property and proof of loss within the time and in the manner prescribed by said policy of insurance; that said defendant refused to pay said loss or any part thereof, and has notified the plaintiff that it will not pay same. That plaintiff has performed all the conditions of said policy of insurance on its part," and charged the refusal to pay by the defendant the amount of the policy or any part thereof, and prayed for judgment in the amount of the policy and interest thereon from November 1, 1909. The answer filed by the company was a general denial and the affirmative defense that the plaintiff was not the unconditional owner of the real estate upon which the property insured was located, and also that he erected a sawmill within 100 feet of the gin, and operated the same in violation of the expressed terms of the policy. The cause was tried to the court and a jury. At the close of the plaintiff's evidence, the insurance company interposed a demurrer, which was overruled and exceptions taken, and then presented a motion for a directed verdict in its favor. The demurrer to the evidence and the motion for a directed verdict were

based upon the ground that the evidence was not sufficient to sustain a judgment in favor of the plaintiff and against the defendant. On the overruling of the motion, the defendant refused to introduce evidence, and the court instructed the jury as to the law arising upon the issues and submitted the cause, and a verdict was returned in favor of the plaintiff and against the defendant for the full amount of the policy. Motion for new trial was filed and overruled, and exceptions saved, and the insurance company has perfected an appeal to this court.

Among the errors assigned and argued are the ruling of the trial court in overruling the demurrer to the plaintiff's evidence, and also in denying the motion for an instructed verdict for the defendant.

The policy in suit is the standard form of policy and contains the usual covenants as to giving notice of loss and furnishing proof of loss within 60 days thereafter. In the proof of plaintiff's case there was no testimony of any kind or character that the plaintiff gave to the company a notice of the fire or furnished it with the proof of loss as required by the terms of the policy. It is insisted by the company that, in the absence of this proof, the evidence was not sufficient to support a judgment against it. In reply to this the defendant in error contends that the company waived the proof of loss by filing an answer denying liability on other grounds than a failure to furnish such proof; that, as the defendant in its answer did not deny the liability on account of failure to furnish proof of loss, but set out that it was not liable because the plaintiff was not the unconditional owner of the property, and also had violated the terms of the policy by creating the extra hazard by running the sawmill within 100 feet of the gin, this was a waiver of the provisions of the policy requiring proof of loss and therefore the defendant is estopped, and was at the time the demurrer was filed, from setting up or relying on the failure to furnish proofs of loss. This position is not sound: First. Because the facts relied on as a waiver were not pleaded in the amended petition as they must have been in order that proof thereof might be admitted at the trial. *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187; *Cooper*

*v. Flesner et al.,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Nance v. Oklahoma Fire Ins. Co.,* 31 Okla. 212, 120 Pac. 948, 38 L. R. A. (N. S.) 426. Second. The acts relied on as a waiver did not occur within the 60 days allowed for furnishing proofs of loss and prior to filing suit. As was said by the court in *Oklahoma Fire Ins. Co. v. Wagester,* 38 Okla. 291, at page 294, 132 Pac. 1071, at page 1072:

"The evidence establishes that no proof of loss was furnished the company within the 60 days prescribed by the policy; but there is evidence also to establish that the company, acting through its general adjuster, within a few days after the fire before the expiration of the 60 days for the proof of loss to be furnished, denied all liability under the policy upon other grounds than failure to furnish proof of loss. Such a denial of liability constitutes, under almost all of the authorities, a waiver of the requirement to give notice or furnish proof of loss."

An examination of the Wagester case will show that the facts relied upon as a waiver of the provisions requiring proof of loss were pleaded in the petition, while in the instant case the plaintiff not only did not plead the facts relied on as a waiver, but specifically alleged in his amended petition that he had complied with these provisions of the policy to furnish the proof of loss within the time prescribed by the policy. Those allegations were put in issue by the general denial in the answer. The testimony failed to show that the proofs of loss had been furnished. In fact there was an entire absence of testimony on this subject and a total failure of proof. The rule seems to be well established that the plaintiff in error did not waive its right to rely on the failure to furnish proof of loss as a defense by setting up in its answer other grounds for excusing it from liability. *Westchester Ins. Co. v. Coverdale,* 9 Kan. App. 651, 58 Pac. 1029; *Smith v. State Ins. Co.,* 64 Iowa, 716, 21 N. W. 145; *Lane v. St. Paul Fire & Marine Ins. Co.,* 50 Minn. 227, 52 N. W. 649, 17 L. R. A. 197.

In the last case above cited the Supreme Court of Minnesota passed squarely upon this question, and we quote the following excerpt from that opinion:

"A second reason assigned by the trial court for overruling the demurrer was that the nature of the other defenses set up in the answer shows that the furnishing of a certificate would not have tended in any degree to influence the defendant's conduct; that it was evident from the nature of these defenses that it would still have resisted payment of the loss, and therefore the defendant must be held to have waived compliance with this condition; and in support of his position the learned judge cites those cases in which we have held that a demand for property, before suit, was waived by defendant's setting up title in himself, or some other defense on the merits which showed that a demand would have been unavailing. The cases are not at all in point. In the first place, it cannot be assumed that the certificate, if furnished, would not have influenced the conduct of the defendant. The fact that the nearest magistrate or notary refused to certify that in his opinion the loss was an honest one might have been the very cause that induced the defendant to set up the defenses that the fire was incendiary and that the proofs of loss were false. But chiefly the furnishing of this certificate was, by the contract of the parties, a condition precedent to plaintiff's right to sue, and consequently the failure to furnish it a defense to this action. A party has a right to set up as many defenses (if not inconsistent) as he has, and the setting up of one defense cannot be construed as a waiver of another."

Since there was no testimony that the proof of loss was furnished by the plaintiff to the company, the testimony was not sufficient to show a right of recovery. Therefore the demurrer was well taken and should have been sustained; likewise the motion for an instructed verdict.

Numerous other errors are assigned, but most, if not all, of them have been passed upon by this court in recent decisions in construing insurance contracts, and, as they may not arise again in the further proceedings of this case, we do not consider it necessary to refer to them further.

In view of the fact that the failure of proof in this instance may have resulted from inadvertence or oversight and that the insured should have an opportunity to show a compliance with this provision of the policy, if he can, we conclude that the judgment appealed from should be reversed, and the cause remanded to the district court of Marshall county for new trial.

By the Court: It is so ordered.