Martin v. Illinois Commercial Men's Assn., 195 Ill. App. 421.

vacation in each year with full pay," *held* that there was no ambiguity in the contract; "each year," as used therein meaning "each year" of a two years' contract.

## Davella Martin, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 20,823.

1.  INSURANCE, § 667*—*when medical testimony not discredited by testimony of plaintiff*. In an action to recover on a policy of accident insurance wherein plaintiff, the wife of deceased, was named as beneficiary, plaintiff cannot be heard to discredit a medical witness of defendant who testifies that deceased's death was caused by fatty degeneration of the heart, superinduced by chronic alcoholism, where it appears that plaintiff previously had secured a divorce from deceased on the ground of drunkenness, in which action she testified and procured others to testify that deceased was an habitual drunkard, and where it appears that such decree of divorce was granted on the faith of the verity of such testimony.

2.  INSURANCE, § 667*—*when evidence insufficient to show accidental death*. In an action to recover on a policy of accident insurance conditioned to pay to the beneficiary named therein a sum of money "in case of bodily injury or injuries received through violent and accidental means, which shall independently of all other causes result in the death" of insured, where the only evidence of an accident was that deceased arose in the night exclaiming, "Oh, my God!" and falling, struck a chiffonier resulting in cuts of the lip and nose, with profuse bleeding, a peremptory instruction for defendant *held* not erroneous, there being medical testimony that the cause of deceased's death was fatty degeneration of the heart superinduced by chronic alcoholism, and where it appeared that deceased told a physician that he had heart trouble and carried strychnine to stimulate his heart action.

3.  INSURANCE, § 667*—*when evidence insufficient as to cause of death*. In an action to recover on a policy of accident insurance conditioned to pay a sum of money to the beneficiary named therein in case insured came to his death "through violent and accidental means, independently of all other causes," where there was evidence that the cause of death was fatty degeneration of the heart super-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Martin v. Illinois Commercial Men's Assn., 195 Ill. App. 421.

induced by chronic alcoholism, evidence *held* insufficient to prove that deceased's death was the result of an accident within the meaning of the policy, the only evidence of an accident being that deceased fell and received cuts, although such fall may have hastened the death, for the reason that such evidence is insufficient in its probative value to establish the fact that deceased's death was caused by the fall "independently of all other causes" without which proof there could be no recovery on the policy.

4. INSURANCE, § 436*—*what is effect of failure to furnish proofs of death.* Where in a policy of insurance the by-laws of the company are made part thereof, and where a by-law requires as a condition precedent to recovery thereunder that proofs of death be presented to the company within a named time, a failure to present such proofs within the time fixed by such by-law will preclude recovery unless there is a waiver of such condition.

5. INSURANCE, § 120*—*how policy construed.* Since contracts of insurance are to be construed like other contracts, an ambiguous insurance contract will by construction be given the meaning more favorable to insured, for the reason that the words are the words of the insurer and therefore any ambiguity is chargeable to it, but where the contract is not ambiguous, neither party will be favored by construction.

6. CONTRACTS, § 165*—*when provisions enforced notwithstanding hardship.* Where a stipulation in a contract is lawful and has not been actually or inferentially waived, the courts will enforce the stipulation as made and cannot avoid a hardship resulting from the enforcement of rigorous and inflexible terms by making a new contract for the parties.

7. INSURANCE, § 460*—*when delay in sending blank form of proofs of death not a waiver thereof.* Where a policy of insurance as a condition precedent to recovery thereunder required that proofs of death be presented to insurer within a named time, the fact that insurer delayed sending blanks for such proof when requested has no tendency to prove a waiver of the condition, where neither the terms of the contract nor the law require insurer to furnish such blanks.

8. INSURANCE, § 452*—*when insurer not estopped to assert failure to furnish proofs of death.* In an action to recover on a policy of insurance which, as a condition precedent to recovery that proofs of death be presented to insurer within a named time, and where no fraud is shown in the delay of insurer to furnish blanks for such proof, insurer is not estopped to insist on the condition for the reason that where fraud is absent there can be no estoppel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Martin v. Illinois Commercial Men's Assn., 195 Ill. App. 421.

9. INSURANCE, § 439*—*when mailing proofs of death not a compliance with by-laws.* Where a policy of insurance made the by-laws of insurer a part of the contract and where such by-laws required as a condition precedent to recovery that proofs of death be *presented* to insurer within a named time, mailing such proofs to insurer, *held* not a presentment within the meaning of the by-law, although such proofs were mailed within the time fixed thereby.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 6, 1915.

JOHN A. BROWN, for appellant.

RYAN & CONDON, for appellee; IRVIN I. LIVINGSTON and D. A. CALLAHAN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on an accident insurance policy for $5,000 issued by defendant upon the application of one James W. Martin, in which plaintiff, his wife, was named as beneficiary. The court, upon the conclusion of plaintiff's case, on the motion of defendant, instructed a verdict in its favor, upon which verdict a judgment of *nil capiat* and for costs was entered, and plaintiff appeals.

The policy contains a provision that "in case of bodily injury or injuries received through external violent and accidental means, which shall independently of all other causes result in the death of said member, there shall be payable to Davella Martin, wife of James W. Martin, if living, * * * the sum of $5,000." It also recites that "any and all such payments or liability to pay shall be in accordance with and subject to each and all of the provisions of the by-laws of said association," including amendments, alterations and new issues of such by-laws. The by-laws in force at the time the policy was issued and at the death of the insured provided that notice in writing

must be sent to the secretary of the association within fifteen days after the happening of the accident resulting in death, and that claims for death benefits must be presented to the association within thirty days after death, together with full proof of death and of the particulars of the accident claimed to have caused death.

The facts concerning the death of the insured are, in brief, that in the night of January 16, 1912, plaintiff, the wife of the insured, was awakened by the insured arising from his bed, in which she also was sleeping, and hearing him exclaim, "Oh, my God!" Plaintiff thereupon arose and went to her husband and found him on the floor upon his hands and knees trying to pull himself up. It was then discovered that the insured had in falling struck a chiffonier, resulting in the cutting of his lip and nose, from which he freely bled. A physician was called, but the insured died before his arrival. This physician, one Thomas J. Fox, gave a certificate of death, certifying that death was caused by fatty degeneration of the heart superinduced by chronic alcoholism.

Plaintiff and the insured were twice married to each other, first on December 22, 1897, and second on March 12, 1910. In August, 1909, plaintiff divorced her husband, the insured, on the ground of his being an habitual drunkard. On the trial of the divorce suit plaintiff testified that the insured was an habitual drunkard and procured others so to testify, and in the faith of the verity of her own testimony that the insured was an habitual drunkard the divorce was granted and the matrimonial bond sundered.

In the light of these facts, her attempt in this suit to cast doubt upon the fact of the inebriety of the insured must fail. Dr. Fox, a witness for plaintiff, verified by his oath on this trial the facts set forth in his certificate as to the insured's death. He also testified that he knew that the insured was afflicted with heart

trouble and that this information was communicated to him by the insured personally. Dr. Fox testified that the insured told him that he had heart trouble and that he carried strychnine for his "pump," as he designated his heart. While Dr. Fox would not state positively that the insured stated to him the quantity of strychnine he was in the habit of taking, still he was certain that the insured did tell him that he used strychnine to stimulate the action of his heart, and continually carried it with him for the purpose of meeting any emergency which might arise from the defectiveness of that organ.

In this condition of the testimony, reasonable minds could not well disagree upon the proposition that the insured did not come to his death by accidental means within the terms of the policy, but that he in fact died from fatty degeneration of the heart, resulting from chronic alcoholism. Hence, the instruction of the court to the jury to render its verdict for defendant was without error.

The insurance policy in suit is an accident and not a life policy, and its provisions and conditions bind the parties. That the death of the insured may have been hastened somewhat by the fall may not be doubted, yet his death was not the result of bodily injuries sustained through violent, external and accidental means, independently of all other causes. Unless death did result from bodily injuries sustained through violent external and accidental means, independently of all other causes, there can be no recovery. The evidence in the record on the part of the plaintiff utterly fails in its probative value to establish that the death of the insured was accidental within the conditions of the policy, but on the contrary such evidence establishes that the death of the insured was attributable to fatty degeneration of the heart, and that such fatty degeneration was caused by chronic alcoholism.

The by-laws of the defendant company are by the policy made a part of the contract of insurance. One of these by-laws provides, in part, that no death claim will be paid "unless said claim for death benefit be presented to the association within thirty days after the death of the deceased member, together with full proof of the death and of the particulars of the accident claimed to have caused said death." The furnishing of the proofs of death within the time required by the by-laws is one of the conditions essential to be performed by the claimant to entitle such claimant to receive from the defendant company the insurance money. A failure to furnish such proofs within the time limited by the by-laws will, unless waived by the company, preclude a recovery. There seems to be no ambiguity in the by-law referred to, and as said in *Norwaysz v. Thuringia Ins. Co.*, 204 Ill. 334: "Contracts of insurance are to be construed like other contracts. If ambiguous terms are used, the meaning more favorable to the insured will be adopted, not because he is the sufferer in a recent loss or because of a disparity in the financial condition of the two parties, but because the words are those of the insurer, and the ambiguity is chargeable to it. Where, however, there is no ambiguity in the terms, neither party is to be favored. If the stipulation is one that the parties could lawfully make, and, having been made, is not actually or inferentially waived, it is the function of the court to enforce its observance as the parties made it, and not to make a new agreement for the purpose of mollifying the hardship that the rigorous and inflexible terms occasion."

The rule as thus laid down is equally the rule of construction to be enforced in this case in holding the parties to their contract obligation, of which time provided for the furnishing of proof of death and claim is a material and essential part. In *Love v. Modern Woodmen of America*, 259 Ill. 102, it was held that a

by-law containing a provision similar to the one found in this record was binding upon the member.

That proofs were not furnished to the defendant within the time required by the by-law is not disputed. Plaintiff, however, contends that defendant waived the time limit in the by-law and also contends that the mailing of the proofs to defendant within the thirty days was a substantial compliance with the by-law, regardless of the time when such proofs were actually received by defendant. We find no fact in this record warranting this court in holding that defendant by any act waived the by-law regarding the time in which proof of death and claim should be furnished. The fact that defendant delayed sending blanks requested in behalf of plaintiff upon which the proof could be made is of no moment, for the reason that it had not obligated itself to furnish such blanks and the law did not require it so to do.

A failure to furnish such blanks was held in *Great Western Ins. Co. v. Staaden*, 26 Ill. 360, not to operate as a waiver. The doctrine of estoppel does not arise upon the evidence in this record. Fraud is neither charged nor proven as the reason of the delay by defendant in sending the blanks requested. Where fraud is absent, there is no estoppel. *Holcomb v. Boynton*, 151 Ill. 294. Plaintiff urges upon us *Manufacturers & Merchants' Mut. Ins. Co. v. Zeitinger*, 168 Ill. 286, as authority for the contention that the mailing of the proofs within the thirty days was a sufficient compliance with the by-law. We think the *Zeitinger* case, *supra*, clearly distinguishable from the case before us. In the *Zeitinger* case the words interpreted were, "shall render a statement to the company." Here the words are entirely different, rendering their significance and interpretation wholly at variance with the words above quoted. The by-law in the case at bar is that written notice shall be *presented* to the defendant within thirty days after the death of

the deceased member. Mailing the proof directed to the defendant was not a presentation nor a compliance with the by-law.

In *Miller v. Milwaukee & Mechanics' Ins. Co.*, 181 Ill. App. 133, it was held that a condition in a policy requiring proof of loss within sixty days is not complied with where such proofs are furnished sixty-one days thereafter, and that such failure to furnish such proofs within the time required relieved the defendant from liability.

The Municipal Court did not err in instructing a verdict for defendant, and its judgment is therefore affirmed.

*Affirmed.*