## METROPOLITAN LIFE INS. CO. v. KEITH.

No. 21272.  Feb. 5, 1935.

Mason, Williams & Lynch, for plaintiff in error.

C. B. Rockwood, for defendant in error.

PHELPS, J. Aneta Marie Keith recovered a judgment in the district court of Creek county against the Metropolitan Life Insurance Company for $1,000 on an insurance policy on the life of her husband. To reverse this judgment, the insurance company appeals. The parties will be referred to as they appeared in the lower court.

There appears to be no material conflict in the evidence, the facts being substantially as follows: On January 2, 1928, the defendant issued its policy insuring the life of plaintiff's husband for $1,000 **"upon receipt of due proof of the death of the insured and upon surrender of this policy."** Where, in the policy, the payment of the insurance is mentioned, the foregoing phrase is used. No time limit is therein imposed for furnishing notice or proof of death, except in the instructions to the claimant indorsed on the policy it is stated. **"In the event of the death of the insured the claimant should promptly advise the home office, in New York, or the district office through which premium payments have been made,"** nor does the defendant agree to furnish blanks for proof of death or to pay the insurance within any specified period of time.

The policy provides that if the insured commit suicide within one year from the date of its issuance, the company's liability shall be limited to the amount of the premiums received.

On March 25, 1928, the insured died. About ten months thereafter, on January 30, 1929, plaintiff's attorney wrote the home office of the defendant that the policy had been placed with him for collection; that the insured died on March 25, 1928; stated the number of the policy, and requested that proper blanks upon which to make proof of death be forwarded to him. On March 30, 1929, the plaintiff's attorney, having received no reply to his letter, filed the petition herein. On May 15, 1929, after the petition had been filed and before the defendant had answered, the defendant addressed a letter to plaintiff's attorney stating:

"We have tried to get the facts in regard

to this matter from our agent at Tulsa. So far we have had no success. We are writing our manager again today, and as soon as we have heard from him we will advise you.

"In the meantime, you may communicate with Mason & Williams, attorneys, Tulsa, who are protecting our interests in this matter."

No blanks for proof of death were inclosed. Both of the letters were received in evidence without objection.

The petition contained no specific allegations of fact constituting waiver of proof of loss; the answer was a general denial coupled with allegations that the plaintiff had not performed the conditions precedent contained in the policy as to furnishing proof of death and surrender of the policy, and also the defense of suicide within the contestable period.

The case came on for trial before a jury on November 22, 1929. Defendant objected to the introduction of evidence for the reason that the petition failed to state a cause of action, which objection was overruled and exception saved. Plaintiff was not present at the trial; her entire evidence consisted of the testimony of her attorney, and the above-mentioned letters. On cross-examination the plaintiff's attorney stated that he received blanks for proof of death "long after the 15th of May" (1929), but that the completed proof had never been submitted to the defendant and that the defendant had never refused the proof as inadequate. However, it is apparent that the blanks were not furnished until after the suit had been filed. Nor is there any evidence of demand for payment of the policy, other than that implied by the filing of the suit. With the evidence reflected from the foregoing, the plaintiff rested. Defendant demurred to the evidence, which was overruled.

The defendant then presented much circumstantial evidence of suicide, the consideration of which, for the purposes of this appeal, is unnecessary. The defendant offered to prove that on May 1, 1929 (after the suit was filed and before the answer was filed), one of the attorneys for the defendant mailed to the attorney for the plaintiff blank forms for proof of death, and evidence indicating defendant had been unsuccessful in its efforts to persuade the plaintiff's attorney to furnish said proofs; further, that only within the ten days preced-

ing the trial had any information come to the defendant concerning the alleged suicide. The trial court's refusal to admit this evidence is the basis of defendant's second assignment of error. However, as this appeal is disposed of on other grounds, it is not necessary to consider this assignment of error.

At the conclusion of all the evidence the defendant moved for an instructed verdict. This was overruled.

1. The first error assigned is that:

"Plaintiff did not perform the conditions precedent to bringing suit, i. e., did not furnish proofs of death and/or surrender the policy, and was therefore not entitled to recover."

It is settled law that where an insurance policy provides that the insurance shall be paid upon the furnishing of proof of loss or proof of death the plaintiff in any action upon said policy must prove one of two things: either (1) that proofs of loss have been submitted, or (2) that such proof has been waived. We shall consider the question of waiver under the third assignment, below. In such a policy the furnishing of notice of death and proof of death is a condition precedent to any liability. 7 Cooley's Briefs on Insurance, 5875. This court in St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651, 104 P. 354, speaking on this subject, states:

"* * * It may be regarded as authoritatively settled that a substantial compliance with such a condition must be made by the claimant before a right of action will accrue to him for losses unless the right to insist on such preliminary condition be waived."

To the same effect are: Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 P. 948; North British & Mercantile Ins Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 P. 845; Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 P. 1167; Great American Ins. Co. v. Harrington, 127 Okla. 13, 259 P. 582; Atlas Assur. Co., Ltd., v. Leonard, 108 Okla. 150, 234 P. 771.

There is no contention by the plaintiff that she furnished the proof of death; she relies upon a waiver thereof by the defendant. The defendant, in its brief, urges that since plaintiff failed to plead a waiver, she could not recover on that theory. Such contention by the defendant would be sound, had the defendant objected to the introduction of evidence tending to establish waiver. This the defendant did not do. Even though

the petition fails to set forth the facts constituting waiver or estoppel, if the opposite party without objection permits evidence to be introduced tending to establish a waiver or estoppel, the pleadings are considered as amended so as to raise that issue. Hartford Fire Ins. Co. v. Mathis, 57 Okla. 332, 157 P. 134; St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651, 104 P. 354.

2. The remaining and only serious question then presented by this appeal is whether the facts and circumstances, as reflected by the evidence, constitute a waiver of the plaintiff's duty to furnish proof of death. The defendant further complains of "error of the court in giving instruction No. 8, for the reason that it is not a correct statement of the principles of waiver applicable to this case." With this contention we agree. Instruction No. 8 reads as follows:

"You are instructed that the defendant in this action claims that it is not liable on the insurance policy herein sued upon on the grounds that no proof of death has been furnished the defendant as required by the terms of said policy; and in this connection, you are instructed that should you find from the evidence in this case that the defendant failed to furnish proper blanks upon which to make said proof of death when requested by the plaintiff so to do, and by denying liability upon other grounds, that the failure of the plaintiff to furnish said proof of death would constitute no defense to this action."

This presents two questions for consideration: (1) Did the defendant's failure to furnish blanks upon which to make proof of death amount to a waiver thereof? (2) Did the defendant in its answer, by denying liability upon grounds other than the failure to furnish proof of death, thereby waive proof of death?

First. Where the material facts in relation to the subject of waiver are not in dispute, it is a question of law and not of fact. St. Paul Fire & Marine Ins. Co. v. Mittendorf, supra; 4 Cooley's Briefs on Law of Insurance, 3554. While we do not mean to hold that a failure to furnish blanks for proof of loss could never amount to a waiver, we think that in the instant case the delay in furnishing said blanks did not amount to a waiver as a matter of law.

In approaching the solution of this question we should bear in mind (1) the terms of the policy; (2) the existence or nonexistence of statute law on the subject; (3) the conduct of the parties; (4) representations made by the insurer to the insured or beneficiary; (5) acceptance and retention of proofs without seasonable objections; (6) denial of liability on other grounds prior to expiration of the proof-filing period or prior to suit; (7) independent investigation by the insurance company to the extent of supplanting the need for proof. We have here no requirement that the proof of death be made on blanks furnished by the company. We find no promise in the policy that the company will furnish blanks. We have no promise by any agent or representative of the insurer, either before or after the death, that the blanks would be furnished, nor do we have any statute requiring the furnishing of said blanks; neither do we have any delay occasioned the claimant by any representations or holding out of the insurer. In fact, we have nothing but the mere delay.

Due to the scarcity of authorities cited ing out of the insurer. In fact, we have carefully examined many cases to be found wherein a waiver was declared on account of some fault of the insurance company in connection with the furnishing of blanks, and in each and all of said cases there were facts present bringing into play some one or more of the foregoing elements, not one of which is present in this case.

In the face of the admonition to the claimant as written on the policy to "promptly advise the company," the claimant waited ten months before notifying the company of the death. While we do not commend the 60-day silence of the company, following said communication, and its failure to furnish the blanks until after suit had been filed, and while good conscience and proper business methods should have impelled the defendant to answer plaintiff's letter within that time, still the plaintiff was not in much of a position to complain, and it is not the law that such conduct, under the circumstances of this case, amounts to a waiver of the furnishing of the proofs of loss. If by the terms of the policy or otherwise the defendant had led plaintiff to believe that she would be provided with blanks, it would be otherwise. 14 R. C. L. 1348; 7 Cooley's Briefs on Insurance (2d. Ed.) 5996, 33 C. J. 26, says:

"Unless the company is required by statute or by its contract or its representations to furnish insured or claimant under the policy with blank forms of proofs of loss on request, its mere failure or refusal to do so does not constitute a waiver of proofs,

any local usage to the contrary notwithstanding. * * *"

This statement is supported by Martin v. Illinois Commerical Men's Ass'n, 195 Ill. App. 421; Standard Life & Accident Ins. Co. v. Strong (Ind.) 41 N. E. 604; Birmingham v. Farmers Joint Stock Ins. Co (N. Y.) 67 Barb. 595; Coldham v. American Casualty & Surety Co., 8 Ohio Cir. Ct. 620; Lycoming County Ins. Co. v. Updegraff, 40 Pa. 311; Boruszewski .v. Middlesex Mutual Ins. Co. (Mass.) 72 N. E. 250.

Joyce on Insurance, vol. 5, p. 5602, says:

"If the company does not refuse to furnish blanks, a mere failure to do so unaccompanied by a denial of liability will not operate as a waiver."

In Boruszewski v. Middlesex Mutual Ins. Co. (Mass.) 72 N. E. 250, the evidence of waiver was stronger than in the present case in that a custom (both locally and in the habits of the defendant insurance company) to furnish the blanks upon request was present in evidence. In spite of that fact the court held that no waiver existed, and that when considering the weight of the custom as against a lawful contract between the parties, the contract should govern.

Also, in Martin v. Illinois Commerical Men's Ass'n, 195 Ill. App. 421, the plaintiff could properly lay claim to some diligence in the matter of presenting proofs, and even in that case it was held that no inference of waiver was afforded by the fact that the company's delay in sending blanks resulted in the proof being received after the 30-day time limit prescribed in the policy for presenting proofs, even though the plaintiff had mailed the proof before the expiration of the 30 days. In that case the court said:

"We find no fact in this record warranting this court in holding that the defendant by any act waived the by-law regarding the time in which proof of death and claim should be furnished. The fact that defendant delayed sending blanks requested in behalf of plaintiff upon which the proof could be made is of no moment, for the reason that it had not obligated itself to furnish such blanks and the law did not require it so to do."

The following is from Standard Life & Accident Ins. Co. v. Strong (Ind.) 41 N. E. 604:

"The mere fact that the appellant * * * failed to furnish blanks to enable the appellee to make proof, does not constitute a waiver of such proof. The contract does not provide that the company will furnish blanks for that purpose."

In Coldham v. American Casualty & Security Co., 8 Ohio Cir. Ct. 620, 4 Ohio Cir. Dec. 543, the court said:

"The mere refusal to furnish blanks for proof of loss without any reason assigned therefor, there being no showing that the claim was otherwise rejected or proof of loss otherwise waived, does not of itself excuse or waive proof of loss."

The requirement ordinarily placed in insurance contracts, that as a condition precedent to payment the claimant shall furnish the insurer with proof of loss, is not a minor part of the contract, nor is the insistence upon proper performance thereof a technicality. The right to be furnished with a proper proof of loss is the sole assurance of the opportunity of investigation to determine the validity of the claim. These proofs are important to the insurer. We agree with the language used in one of the briefs herein, to the effect that:

"The mere fact that the insured is dead is by no means the only information which such proofs should disclose. The time of death and the cause of death are equally important. The proof may show that the insured died at such a time that the policy had lapsed. It may show that the insured committed suicide within the contestable period. Or again it may show a cause which strongly indicates that the insured obtained the policy by misrepresentation. For example, if the proofs of death showed that the insured died of tuberculosis or cancer within a few months after issuance of the policy, this would create a strong presumption that the insured obtained the policy by concealing the true state of his health. Under such circumstances, we feel no hesitancy in insisting that both law and good conscience require that the insurance company receive proofs of death or that they waive their right to such proofs."

The importance of such proofs is illustrated by the present case. There was considerable evidence tending to show suicide within the contestable period of the policy, and the defendant offered to prove that it was only within the ten days preceding the trial that the defendant, by accident, obtained the information indicating suicide. Had the proof of death been furnished prior to the filing of the petition, as per the contract of the parties, the company could have more adequately defended the case, and this was its right. In this connection we cannot overlook the facts that the plaintiff de-

layed ten months after the death before even notifying the defendant, and even at the date of the trial had not tendered proof of loss in proper form, and yet plaintiff makes the argument that a two months delay in sending blanks for the proof should constitute a waiver.

By the terms of the policy no particular form of proof was required; it states merely "upon due proof of the death." From the date of the notice of death, if not prior thereto, the plaintiff was represented by an attorney. presumably familiar with the law in such matters.

On this phase of the case we find that in the first place, there being no dispute concerning the material facts, the court should have held as a matter of law that no waiver was present, but that, in the second place, the determination thereof having been placed in the hands of the jury, the evidence is insufficient to sustain the verdict if the verdict was based on the failure to furnish blanks. The only other ground upon which the verdict could be based would be, under this instruction, that the defendant "denied liability upon other grounds", which brings us to the second phase of this assignment.

Second. The phrase used in the instruction is somewhat vague for the reason it does not state what time of denying liability is meant. If the insurer, before the expiration of the period for filing proofs, should deny liability on grounds other than the failure to furnish proofs, or even probably in this case (there being no time limit for the furnishing of said proofs), if the insurer had denied liability on other grounds at any time before the filing of the petition, it would have been a waiver of proof of death. Great American Ins. Co. v. Harrington, 127 Okla. 13, 259 P. 582. This is based on the reasoning that the insurer would not pay even though the proof be furnished. But the rule has no application where the insurer denies liability for the first time in its answer, except in Nebraska, Kentucky, South Carolina, and Colorado.

This court proceeds on the theory that waiver of proofs by denial of liability has always been grounded either on estoppel or intention, and that on neither ground can a waiver arise from a denial of liability in an answer, in connection with which there is also a claim that the proofs were not furnished. 7 Cooley's Briefs on Insurance, 6042.

This court has taken a definite stand on that question. In North British & Mercantile Insurance Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 P. 845, one of the defenses was that no proof of loss had been submitted. The plaintiff contended that when the defendant in its answer denied liability on other grounds it waived the proof of loss. This court said:

"The making of proof of loss was not waived by the answer setting up other grounds as a defense to the action, or in denying liability upon the contract of insurance; it not being shown that such denial of liability was made within 60 days after the fire occurred."

Of course, there would be less reason to call it a denial of liability if the defendant had never denied liability prior to suit, than if the defendant had not denied liability within the period prescribed for furnishing proofs, under a policy requiring proofs to be furnished in 60 days.

This question was considered in Palatine Insurance Co. v. Lynn, 42 Okla. 486, 141 P. 1167, wherein the plaintiff claimed that a denial of liability in the answer constitutes waiver of proof of loss. This court held otherwise, saying:

"The rule seems to be well established that the plaintiff in error did not waive its right to rely on the failure to furnish proof of loss as a defense by setting up in its answer other grounds excusing it from liability" (Citing cases).

Accordingly it appears that instruction 8 is prejudicially erroneous. Further, it is our opinion that the court committed reversible error in overruling the demurrer to the evidence and likewise the motion for an instructed verdict. It is not intended by this decision to forfeit the policy. In line with our rule in Nance v. Oklahoma Fire Insurance Co., supra, the plaintiff's failure to establish by competent evidence the furnishing of proof of death or, alternately, to establish waiver thereof, did not operate to forfeit the policy, but the right of action on said policy did not mature.

The judgment is reversed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.