METROPOLITAN LIFE INSURANCE CO. v. SMITH, Adm'x.

No. 31388.   April 24, 1945.

158 P. 2d 335.

Coakley, McDermott & Gable, of Tulsa, for plaintiff in error.

Heber Finch, of Sapulpa, for defendant in error.

PER CURIAM. Ethel V. Smith, administratrix of the estate of Bryant Smith, deceased, brought this action in the justice of the peace court of Creek county against Metropolitan Life Insurance Company, defendant, to recover on an insurance policy issued to Bryant Smith. Judgment was for the plaintiff, and on appeal to the district court and a trial de novo judgment was again' for the plaintiff, and defendant appeals.

The evidence discloses that Bryant Smith died on the 8th day of November, 1940. He had been employed by the Liberty Glass Company, and while so employed he was insured by the Liberty Glass Company in defendant company and covered by group policy No. 6152 H. This policy provided for certain payments during his employment if he became totally and permanently disabled. Bryant Smith was discharged on the 8th day of March, 1940. It is stipulated and agreed that under the terms of the policy it no longer covered an employee who had ceased to be in the employ of the Liberty Glass Company. On or about the 8th day of July, 1941, plaintiff gave notice of disability and claimed the amount for which suit was brought under the above policy.

The defendant presents three propositions.

It is first argued that the notice of disability and proof of claim was not submitted within the terms of the policy. The policy provides:

"Section 11. Note and proof of claims. (a) Written notice of sickness of, or injury to, any employee insured hereunder, must be given to the Company immediately after the date such sickness or injury occurred.

"(b) Affirmative proof of such sickness or injury must be furnished to the Company within thirty (30) days after such notice. Subsequent proofs of claims shall be submitted by, or in behalf of, the employee at such intervals (not oftener than weekly) as the Company may require, and such proofs of claim shall be signed by the physician or physicians actually attending the employee on account of whom such proofs are submitted. The company shall have the right and opportunity to examine the person of any disabled employee when and so often as it may reasonably require, while benefits are being claimed on account of such employee."

The plaintiff argues that this matter was not presented to the trial court and cites in support of the contention that the matter cannot be reviewed, Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252, in which it is held that parties will not be permitted to argue in the Supreme Court for the first time questions not raised in the trial court by the pleadings.

In Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 P. 1167, it is held that waiver of proof of loss must be pleaded in the petition in order that the evidence thereof may be admissible at the trial. Such proofs are not waived by setting other grounds as a defense to the action. Subsequent to Palatine Ins. Co. v. Lynn, supra, the rule was followed in Kerr v. Aetna Casualty & Surety Co., 124 Okla. 112, 254 P. 105; 22 A. L. R. 389. See a subsequent discussion of the rule in the various jurisdictions following Arlotte v. National Liberty Insurance Co., 312 Pa. 442, 167 Atl. 295, 108 A.L.R. 896, and annotations at page 901.

Under the rule adopted by this court it was the duty of the plaintiff to plead and prove notice of disability and proof of claim within the terms of the policy or a waiver of such notice and proof,

and it was not necessary for the defendant to specially plead or raise the question in the trial court, and although no written answer was filed, it was not required, and at the conclusion of the evidence the question was properly presented in the trial court.

Clearly there was no notice of disability or proof of claim within the terms of the policy. As stated above, Bryant Smith was discharged on March 8, 1940. He died on November 8, 1940. No notice of disability within the terms of the policy was given until on or about the 8th day of July, 1941. Such notice of disability was not an immediate notice of disability or proof of claim within the terms of similar policies under the holding of this court in North British & Mercantile Ins. Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 P. 845; Palatine Ins. Co. v. Lynn, supra; and Aetna Ins. Co. v. Hughes, 120 Okla. 7, 249 P. 908.

The trial court erred, therefore, in rendering judgment for the plaintiff for the reason that the evidence was insufficient to establish a right of action in favor of plaintiff and against the defendant.

This renders unnecessary a discussion of the remaining propositions.

The cause is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.