AMERICAN HOME MUTUAL LIFE INS. CO. v. GUNN.

No. 32538.   June 10, 1947.

Rehearing Denied July 1, 1947.

Second Petition for Rehearing Denied Sept. 30, 1947.

*184 P. 2d 766.*

John R. Miller, L. O. Lytle, and Roy T. Wildman, all of Sapulpa, for plaintiff in error.

Fred L. Patrick, of Sapulpa, for defendant in error.

DAVISON, V.C.J. This is an action wherein the plaintiff, Ola Gunn, seeks to recover from the defendant $1,000, the face value of a life insurance policy issued by the defendant upon the life of her husband, Willie Eugene Gunn, who died March 26, 1944. Plaintiff alleged in her petition, among other things, that a death certificate had been filed with the defendant and a claim presented for payment of the amount of the policy, but that said defendant had refused to pay the same.

The defendant's answer was a general denial, coupled with a denial of liability under the policy, because of false statements made by the insured in the application as to his use of intoxicants.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff, from which the defendant has appealed.

Plaintiff offered no evidence of having furnished proof of loss as provided by the terms of the policy, nor of a waiver thereof, by the insurer. Defendant's demurrer to the evidence was overruled. This is assigned as error. However, the testimony of the defendant showed that it had refused to pay the amount of the policy because it had learned, after the death of the insured, that he was a user of intoxicating liquors to excess and was frequently drunk and quarrelsome. His application had stated he was not a user of intoxicants.

The testimony of the defense was all to the effect that defendant did not feel bound by the policy because of the alleged false representations made by the insured in his application for the policy.

The defendant sent plaintiff a check for the amount of all premiums paid, which was returned by her.

Plaintiff offered no evidence of having furnished proof of death of the insured, nor of the waiver thereof by the insurance company. However, its demurrer to the evidence was overruled, and if the defendant produced evidence sufficient to supply the omission in that of the plaintiff, the overruling of such demurrer by the trial court was harmless error. Kali Inla Coal Co. v. Ghinelli et al., 55 Okla. 289, 155 P. 606; Mohrman v. Paxton et al., 172 Okla 389, 44 P. 2d 926. Therefore, the question presented is whether or not the entire record discloses evidence sufficient to prove that defendant waived the furnishing of proof of death.

In Metropolitan Life Ins. Co. v. Keith, 170 Okla. 440, 41 P. 2d 121, we said in the first paragraph of the syllabus:

"Where insurance policy provides for furnishing proof of death, to recover thereon plaintiff must prove that proof of death either (1) was furnished or (2) was waived."

And in the opinion:

"Where the material facts in relation to the subject of waiver are not in dispute, it is a question of law and not of fact. . . ."

The amount of testimony here introduced as to waiver of the requirement to furnish proof of death is about the same as that in the case of American National Ins. Co. v. Donahue, 54 Okla. 294, 153 P. 819. In that case the plaintiff testified that "the company refused to pay the insurance 30 days after the demand was made." In discussing the effect of that testimony, we said:

". . . A law trial is not a game of 'thimble' but should be an endeavor to arrive at facts in order that justice might be administered. Under the old adage that silence gives consent, we think the sensible conclusion in this case is, as defendant did not question plaintiff's testimony that the company refused payment after she had made demand, that the demand made by her, and the refusal upon the part of the company was amply sufficient to establish a legal waiver upon the part of defendant."

Herein the president of the insurance company testified that, upon investigation after the death of the insured, the insurer learned that the deceased was an excessive user of intoxicants, and that, because of the false statements made in the application about such fact, the company was not bound by the policy to pay the benefits. That a check for the full amount of all premiums paid was sent to plaintiff, who returned it to his office.

The tender by defendant of a check to the beneficiary covering all the premiums paid on the policy, amounting to $116.60, and the nonacceptance of said offer by the beneficiary, and the return of the check to the office of defendant company by the beneficiary, coupled with the fact that at no time during these transactions did the defendant rely on the absence of proper proof of death being furnished it, as a defense, and the defendant's reason for refusing to pay the full amount of the claim being that the insured had made false and fraudulent answers in his application was, when considered together, sufficient to constitute a waiver of furnishing proof of the death of insured. The action on the part of defendant company amounted to a denial of liability on other grounds than the failure of the beneficiary to furnish proof of death as required under a provision of the policy.

The foundation of the rule that proof of loss need not be given, if liability is otherwise denied, is based on the axiom that the law will not require the doing of a vain or useless thing. The only conclusion that can be drawn from the acts and conduct of the defendant was that any further proof of the death of the insured would be useless.

In the last case above cited, we also held that allegations in a petition, almost identical to those herein, were sufficient as pleading a waiver of proof of loss, citing Continental Ins. Co. v. Chance, 48 Okla. 324, 150 P. 114.

Plaintiff's petition does not state the contents of the alleged proof of death and defendant assigns as error the action of the trial court in overruling its motion to make more definite and certain in this respect. Because plaintiff pleaded and proved a waiver on the part of the defendant of the policy requirement as to furnishing such proof, the contents of any alleged proof of death were unessential.

Defendant's principal defense to liability on the policy was predicated upon the proposition that the insured had made false and fraudulent statements in his application. This question was fairly presented to a jury whose verdict was for plaintiff. In Mutual Life Ins.

Co. v. Boucher et al., 83 Okla. 42, 200 P. 534, we said:

"The question as to whether certain answers given to questions in an application for insurance are false, and as to the intent of the applicant in making them, is a question of fact for the jury, or for the court sitting as a jury."

Defendant submitted several requested instructions covering this phase of the case and urges that the failure of the trial court to give them was error. The instructions given cover the applicable rules of law and are sufficient.

Objection was made by defendant to the admission of testimony of one witness that it was customary with insurance companies to investigate applicants before issuing life insurance policies to them; and the testimony of another witness that insured was a strong, robust person. Plaintiff rebutted defendant's position of false and fraudulent statements in the application with proof that the insurance agent who filled out the application for insured was given full and complete information and, in addition, was well acquainted with the insured and knew his physical condition and drinking habits. With such question at issue, the admission of the testimony was not error.

The judgment of the trial court inadvertently showed the name of the defendant as the American Home Life Insurance Company. It should have been the American Home Mutual Life Insurance Company, the correct name of the defendant as it appears in all pleadings and in the verdict. This court has the power to so amend the judgment. Gaines v. Gaines, 194 Okla. 343, 151 P. 2d 393.

The judgment is amended to show the name of the defendant as the American Home Mutual Life Insurance Company, and as so amended is affirmed.

