Edna Welte, Administratrix of the Estate of Henry A.
Welte, Deceased, Appellee, v. Metropolitan Life
Insurance Company, Appellant.

Gen. No. 9,526.

Heard in this court at
the February term, 1940. Opinion filed April 26, 1940.

EARLY, CARPENTER & EARLY, of Rockford, for appellant.

JOHN J. FAISSLER, of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion
of the court.

Edna Welte, as administratrix of the estate of Henry
A. Welte brought a suit in the circuit court of Winne-
bago county against the defendant, the Metropolitan
Life Insurance Company, on two life insurance policies

providing for double indemnity for death caused solely through external, violent and accidental means.

The complaint alleged the issuance of the policies and compliance with all of the requirements thereunder, and then continues with paragraph 6, which is as follows: "On or about December 15, 1937, and after the date of said policies, said Henry A. Welte, then being more than fifteen (15) years old and less than seventy (70) years old, accidentally slipped and fell and thereby, solely through external, violent and accidental means sustained bodily injuries, said injuries being a rupture of a duodenal ulcer. Because of said accidental injuries, it thereupon became necessary for said insured to undergo an operation for said ruptured ulcer, and as a direct result of said operation, post operative bronchial pneumonia set in and as a direct result of said pneumonia said Henry A. Welte died and that the said death of said insured, Henry A. Welte, resulted directly and independently of all other causes from said bodily injuries received solely through external, violent and accidental means and was not contributed to directly or indirectly or wholly or partially by disease, and that said death of said Henry A. Welte occurred within ninety (90) days of the date of said bodily injuries and on, to-wit: December 26, 1937." Then follows the statement of the damage to the plaintiff, etc.

The defendants entered a motion to strike said complaints. The first and second assignments are, that it fails to state a cause of action. Third, "to strike said Paragraph six of said complaint, on the grounds that it shows on its face that the death aforesaid mentioned in said complaint, was caused or contributed to directly or indirectly, or wholly or partially by disease, and, therefore, states no cause of action." The court overruled the motion to strike and entered judgment in favor of the plaintiff for $900. It is from the overruling of this motion and entering judgment for plaintiff that the appeal is prosecuted.

The appellee, in her argument states that the motion to strike admitted the truth of paragraph 6. The appellant agrees that the law is that a motion to strike admits facts the same as our old demurrer at common law, and all facts well pleaded, to be true, but does not admit the conclusion of the pleaders. This is certainly the law relative to the motion to strike, and the motion in this case admitted the facts well pleaded, but not the conclusions therein. It will be observed that the facts, as alleged in the complaint, material to the questions involved in this appeal, are that the insured, Henry A. Welte, accidentally slipped and fell and sustained bodily injury, the injury being a rupture to a duodenal ulcer; that the insured had to undergo an operation for said ruptured ulcer, and as a result of the operation, the insured developed bronchial pneumonia from which he died. It is insisted by the appellant that this complaint shows on its face that the deceased, at the time the insured fell and injured himself, was suffering from a duodenal ulcer; therefore, his death did not result directly and independently of all other causes, from said bodily injury received solely through external, violent and accidental means, but was contributed directly or indirectly, or wholly or partially by disease.

The appellee has cited three cases which tend to sustain her contention that an accident which caused an injury to a diseased organ, in the body of the insured which later caused death, was held to be a direct and proximate result of the accident. In the case of *Rebenstorf v. Metropolitan Life Ins. Co.*, 299 App. 71, the insured was afflicted with gall bladder and heart trouble. He was in an automobile accident and injured. Later, it became necessary for him to be operated upon for gall bladder trouble, and he did not recover from the operation. The doctor testified that the injury received in the automobile accident precipitated an acute acerbation of the gall bladder condition for which he

had to operate, which in turn caused a strain and stress upon the heart, which produced heart failure and death.

In *Rebenstorf v. Metropolitan Life Ins. Co., supra,* the court quotes from *Scanlan v. Metropolitan Life Ins. Co.,* 93 F. (2d) 942. In this case the insured was afflicted with varicose veins in his leg. He was in an automobile accident and that part of his body near these diseased veins was bruised. Within a short time after the injury, he died and an autopsy disclosed that a blood clot had formed in these varicose veins and part of it had been dislodged and finally lodged in his lungs, which caused his death.

The other case cited is *Prehn v. Metropolitan Life Ins. Co.,* 267 Ill. App. 190. The evidence discloses in this case that the insured had injured his spleen several months before the accident in question; that later, in attempting to rise from a chair hurriedly, he again injured his spleen, from the effects of which he later died. In all of these cases, the court held that the testimony of the various witnesses shows that the accident to the insured was the cause of the death and not the pre-existing disease of the insured.

In the case of *Shroeder v. Police & Firemen's Ins. Ass'n,* 300 Ill. App. 375, a policeman who had been suffering from a heart ailment was injured while raising a ladder at a fire and later died. His widow brought suit upon the policy and the court rendered a verdict in her favor for the amount of the policy. The Court of the Third Appellate District, in their opinions, review many cases and use this language: "When, however, there is an existing disease or bodily infirmity which cooperating with the accidental means results in death, the accidental means is not the sole and independent cause of death, and there can be no recovery under the accidental provisions of the policy." In the case of *Ebbert v. Metropolitan Life Ins. Co.,* 289 Ill. App. 342, the insured was afflicted with

tonsilitis and was undergoing a tonsilectomy from which he did not recover. The court held that the insured was suffering from a disease which directly contributed to his death, therefore, the insurance company was not liable on their policy. In *Martin v. Illinois Commercial Men's Ass'n*, 195 Ill. App. 421, the insured was afflicted with heart trouble. He fell and injured his head and later died from the heart disease. The court in their opinion, says the insurance policy in this suit is an accident and not a life policy, and its provisions and conditions bind the parties. That the death of the insured may have been hastened somewhat by the fall, may not be doubted, yet his death was not caused by external injury, or by accidental means independently of all other causes.

This court passed on this question in the case of *Crandall v. Continental Casualty Co.*, 179 Ill. App. 330. The plaintiff averred "that the insured, while in the act of eating food, accidentally choked thereon, and there and thereby received personal bodily injury which was affected directly and independently of all other causes, through external, violent and purely accidental means and from which personal bodily injury, death resulted solely and necessarily from such injury." The proof showed, "that the insured was eating some meat pie and a portion of it became lodged in his oesophagus about fourteen inches from the teeth, which brought on coughing and straining in an effort to dislodge the obstruction, which was not accomplished; that he went to work that day and when he came home in the evening, he could not swallow anything; that he got a tube from a neighbor with which he tried to dislodge the obstruction without success. The next morning he was still unable to swallow, but went to work as usual. He was suffering all the time from the effect of the obstruction, and about eleven o'clock that day went to a doctor who succeeded in pushing the obstruction to the stomach. The insured

was unable to swallow water and was in great pain afterwards, and within a short time died. An autopsy was performed upon the deceased and it disclosed that he had an abscess in his throat which had existed prior to the time of the obstruction to the oesophagus, and that as a result of the removal of the obstruction this abscess was ruptured. In the doctor's opinion, if the abscess had not been present, the choking and the removal of the obstruction would not have caused the death of the insured.''

The court, in discussing the law relative to the case, uses this language: ''In reviewing the authorities it is helpful to divide accidental injuries associated with disease or bodily infirmity in three classes, first, accidents that cause the disease which causes death; as for instance, accidents that cause septicaemia or blood poisoning, followed by death. Second, accidents that caused the death of a person suffering from a disease or bodily infirmity, which had no casual connection with the death; as for instance, death from gun shot wound of a person suffering from tuberculosis or heart disease. Third, accidents to persons suffering from pre-existing disease or bodily infirmity, where death results from the accidental injury, and the pre-existing disease or infirmity, acting together; as for instance, an accidental injury to a person in the last stages of heart disease, that only because of such disease, results in sudden death.'' In the opinion, the court reviewed many similar cases, among them *National Masonic Acc. Ass'n of Des Moines v. Shryock,* 73 Fed. 774, and quote therefrom. ''This case is often cited in later cases. The clause referring to cause of death read, 'which would independently of all other causes cause his death,' followed by the stipulation that the insurance does not cover death resulting wholly, or in part, directly or indirectly, from disease or bodily infirmity. The insured suffered an injury from an accident that would not have been sufficient to produce death if his

heart had not been weakened by disease, but because his heart was weakened by disease, there was evidence tending to show that the accident caused his death." The court said, "If he sustained an accident, but at the time it occurred he was suffering from a pre-existing disease or bodily infirmity, and if the accident would not have caused his death if he had not been affected with the disease or infirmity, but he died because the accident aggravated the effects of the disease, or the disease aggravated the effects of the accident, the express contract was that the association should not be liable for the amount of this insurance. The death in such a case would not be the result of the accident alone, but it would be caused partly by the disease and partly by the accident, and the contract exempted the association from liability therefor."

The authorities cited by the appellee are distinguishable on an important basis of fact from the case at bar. The complaint in the present case shows that the accidental injury was to a diseased growth, which is an object foreign to the normal body, namely, a duodenal ulcer. The complaint alleges that the slipping and falling of the insured acted upon this ulcer, causing it to rupture and bring about the necessity of an operation, which caused his death. Had there been no ulcer, there would have been no injury, as an ulcer is not a part of a normal person's anatomy. It is a disease or bodily infirmity which develops and grows in some individual, and is of itself, a disease or bodily infirmity. As was said in the *National Masonic Ass'n v. Shryock, supra,* and quoted with approval by us in *Crandall v. Continental Casualty Co., supra,* if at the time he sustained the accident, he was suffering from a pre-existing disease or bodily infirmity, and the accident would not have caused his death if he had not been affected with the disease or infirmity, but he died because the accident aggravated the effects of the disease, or the disease aggravated the effects of the accident, the con-

tract was that the insurance company should not be liable for the amount of his insurance.

It is our conclusion that the complaint did not state a good cause of action, as it shows on its face that at the time of the accidental injury to the insured, he was suffering from a duodenal ulcer, and this existing disease or bodily infirmity co-operating with the accidental injury caused the death of the insured, and he cannot recover. The judgment of the trial court is reversed.

*Reversed.*