**Pearl BRINKOETTER, Appellant,**

v.

**PYRAMID LIFE INSURANCE CO.,**
**Respondent.**

**No. 23999.**

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Rogers, Field & Gentry, Robert L. Shirkey, Kansas City, for appellant.

Caldwell, Blackwell, Sanders & Matheny, Kansas City, for respondent.

HUNTER, Judge.

This is a suit brought in the Circuit Court of Jackson County by Pearl Brinkoetter, plaintiff-appellant, against Pyramid Life Insurance Company, defendant-respondent, for certain hospital and medical expenses claimed to be covered by a "Health and Accident" insurance policy. Plaintiff obtained a jury verdict and judgment in the sum of

$560.00. The trial court set this judgment aside and entered judgment for defendant. Plaintiff has appealed.

The decisive question before us is whether the trial court erred in holding that plaintiff had not made a submissible jury case and in entering judgment for defendant. It is our general duty to review the pertinent evidence in the light most favorable to plaintiff and to give her the benefit of every inference reasonably deductible therefrom. Plaintiff is, of course, bound by her own testimony. Tomlin v. Alford, Mo.Sup., 351 S.W.2d 705(3).

Plaintiff previously had a "Health and Accident" insurance policy with the defendant which she had allowed to lapse. Shortly after this policy had lapsed plaintiff became ill and was hospitalized on July 10, 1960 for approximately ten days. We quote her testimony concerning her hospitalization: "* * * they took x-rays, they told me I had ulcers * * * gave me medication and some more, a series of x-rays." She was then released thinking she was all right, but did go back a month later for more tests which she stated reassured her she was all right.

On October 7, 1960, after an agent of defendant had solicited her, she made an application for a new policy with defendant. The application form for the policy contained, among others, these questions and her answers: "6. Are you * * * now in good health and free from any physical or mental defect? Yes. 8. Have you * * * ever had any disease of the heart, lungs, kidneys, stomach, or bladder * * * ? No. 9. Have you, or any member of the Family Group to be insured, received medical or surgical advice or treatment within the past three years? Yes. If answer is 'yes', give details below: * * * Check files on H-14 lapse & # FR-158580. In 100% good health. * * * Do you represent these answers to be true and complete to the best of your knowledge and belief? Yes." After talking with plaintiff,

the insurance agent had filled in these answers based on what she told him. The portion, "Check files on H-14 lapse & # FR-158580" was later added to the application by defendant's agent. Nothing in that file in any way referred to ulcers or to any stomach illness or disease.

Plaintiff's version of the occurrence is: "Q. Well, did you read the application before you signed it? A. Yes, I believe I did. Q. All right. And you knew the answers that were made, isn't that correct? A. That is right. * * * Q. (Reading): 'Have you or any member of your family group to be insured ever had any disease of the heart, lungs, kidneys, stomach, or bladder * * * ?' Did you answer that question 'No.'? * * * I told him I never had no disease, of any kind, and none of the family didn't. Q. You told him that you had never had any disease of the stomach, is that correct? A. That is right, I didn't have no disease of the stomach".

Plaintiff explained by saying that although her ulcers were located in her stomach she did not understand that having ulcers was a disease. "Well, sir, what I call a disease, is cancer or something like that. Q. I see. A. And that is what he asked me, and I said I had no disease. * * * Q. You never told this agent that you had been in the hospital just back in the previous July, for ulcers, had you? * * * A. I didn't tell him because he didn't ask me." Thereafter, on October 7, 1960, the policy which is the subject of this suit was issued to plaintiff.

Plaintiff acknowledged that between July of 1960 and January of 1961 she had "a slight pain in the stomach" and was taking x-rays to see if she had a recurrence. In January, 1961, she reentered the hospital for a stomach operation for stomach ulcers that she had, and approximately two-thirds of her stomach was removed for that cause. Her resultant hospital and medical expenses totaled at least $560.00.

Defendant refused to pay her hospital and medical bill on the ground the men-

tioned answers in the application for insurance were deliberately a false misrepresentation of a material matter upon which defendant had relied in issuing its policy.

In accordance with the view we have taken of the case it is unnecessary to state defendant's evidence which, in the main, was to the same general effect as that given above by plaintiff. Defendant did adduce evidence that it relied on plaintiff's quoted answers to its detriment, and would not have issued the policy without an exception of this disease if plaintiff had given true answers to the questions.

■ The health of an applicant for insurance upon his health is of vital importance to the insurer, and questions to elicit pertinent information on the subject in regard to what disease the applicant has or has had are proper to be asked and should be truthfully answered. Good faith on the part of both the insurer and the applicant is called for.

■■ The pertinent general rule is that an intentional material misrepresentation made by an applicant for insurance for the purpose of obtaining the insurance in reliance upon which a policy is issued to him, renders the policy voidable. Dixon v. Business Men's Assurance Co. of America, 365 Mo. 580, 285 S.W.2d 619, 625; Haman v. Pyramid Life Insurance Co., Mo.App., 347 S.W.2d 449, 454; 45 C.J.S. Insurance § 595 d(2), page 401. In accordance with the general rule an intentional or willful misrepresentation as to the existence of disease which is material to the risk will defeat recovery on the policy. 45 C.J.S. Insurance §§ 602, 663, pages 422, 585; Annotation, 96 A.L.R. 430.

■ In line with the general rule, a misrepresentation is deemed material where it is reasonably calculated to affect the action and conduct of the company in deciding whether or not to accept the risk by issuing its policy covering the risk. Trivial and temporary indispositions which do not affect the general health are ordinarily deemed not material.

In the instant case plaintiff has candidly admitted that she told the insurance agent she had never had any disease of the stomach, whereas in truth and fact less than three months earlier she had been hospitalized ten days for ulcer of the stomach, which diagnosis she fully knew, and, further, for which condition she continued to experience some pain and continued to have examinations.

Plaintiff attempts to justify answering "no" to the question whether she had ever had any disease of the stomach by saying she did not understand that having ulcers of the stomach is a disease of the stomach. Her attempted justification is wholly unreasonable and unacceptable.

■ We are of the view that the average person giving to the word "disease" its generally understood and ordinary meaning, upon reading it in an accident and health policy application, such as here, would understand it to include an ulcer located in the stomach. We are supported in our view in that the dictionary definitions of the word "disease" are quite broad and include within its meaning an ulcerous condition of the stomach. From Marie v. Standard Steel Works, Mo.Sup., 319 S.W. 2d 871, 877: "Dorland's Medical Dictionary, 23d Edition, p. 393, defines 'disease' as follows: 'A definite morbid process having a characteristic train of symptoms; it may affect the whole body or any of its parts, and its etiology, pathology, and prognosis may be known or unknown'." From Webster's Third New International Dictionary (Unabridged): "Disease—an impairment of the normal components that interrupts or modifies the performances of the vital functions, being a response to environmental factors * * * to specific infective agents * * * to inherent defects of the organism * * * or to combinations of these factors: Sickness, Illness." From Downey v. Kansas City Gas Co., Mo.App., 79 S.W.2d 1063, 1074, quoting from Black's Law Dictionary (3d Ed.) 588: "Disease is

a deviation from the healthy or normal condition of any of the functions or tissues of the body; an alteration of the state of the body or of some of its organs, interrupting or disturbing the performance of vital functions, and causing or threatening pain and weakness." And see, Welte v. Metropolitan Life Ins. Co., 305 Ill.App. 120, 27 N.E. 2d 63, holding that a duodenal ulcer is a disease of the body.

It must have been obvious to plaintiff by the questions inserted in the application that defendant was seeking information bearing on the risk which it was being asked to take, including the information that plaintiff very recently had had ulcers in the stomach requiring substantial hospitalization and treatment. Anything as serious as ulcers in the stomach necessitating ten days hospitalization could not reasonably be considered as minor or not of real interest to defendant in considering whether to issue its health policy covering within its general terms medical and hospital expenses resulting from ulcers in the stomach.

Based on plaintiff's own testimony she did intentionally make a material misrepresentation when she stated in her written application for insurance that she had never had any disease of the stomach. It is not controverted that the insurance company relied on that statement in issuing the policy. Under such circumstances the trial court did not err in ruling that plaintiff had not made a submissible case and in setting aside the jury verdict and entering judgment for defendant.

Plaintiff also sought in this action an allowance of attorney's fees for vexatious refusal of defendant to pay plaintiff's claim. Since plaintiff had no valid claim it is axiomatic that the trial court did not err in refusing to permit the jury to consider making an attorney's fee allowance for vexatious refusal to pay.

The judgment is affirmed.

All concur.