Filed October 17, 1895.

---

No. 1,777.

## Standard Life and Accident Insurance Co. *v.* Strong.

Life Insurance.—*Notice of Death.—Finding as To.—Mere Conclusion.*—In an action on a life insurance policy, a finding "that im-

mediate written notice of the death of  *  *  [S.] was given by the plaintiff, or by some one in her behalf, to the defendant," is but a mere conclusion of the jury rather than a fact.

SAME.—*Proof of Death.—Waiver.*—The mere fact that the insurance company accepted and retained proofs of death, or failed to furnish blanks to enable the beneficiary to make proof, does not constitute a waiver of such proof.

SAME.—*Proof of Death Furnished Too Late.—Liability.*—If the proofs were furnished too late, the mere fact that they were retained does not revive the company's liability.

From the Elkhart Circuit Court.

*O. T. Chamberlain* and *P. L. Turner,* for appellant.

*J. S. Dodge* and *O. Z. Hubbell,* for appellee.

REINHARD, C. J.—This action is on a policy of insurance on the life of Otho Strong, deceased, of which the appellee was the beneficiary. The cause was tried by a jury, resulting in a special verdict, upon which the court rendered judgment in favor of the appellee for $600.00.

The first error assigned and discussed is the overruling of the appellant's motion for judgment on the special verdict. Many defects are urged against the verdict, but the most serious one, as we regard it, is the finding with reference to the proof of death. The policy provides that "immediate written notice is to be given said company at Detroit, Michigan, of any accident or injury for which a claim is to be made, with full particulars thereof, and the full name and address of the insured." No waiver is pleaded in the complaint. The seventh finding is "that immediate written notice of the death of said Otho Strong was given by the plaintiff, or by some one in her behalf, to the defendant." Obviously this is but a mere conclusion of the jury rather than a fact. The finding should have given the date of the notice, or something near the date, when the same was served. The ninth finding shows "that on or about the

1st day of February, 1894, the plaintiff procured a blank form and executed proofs of the death of said Otho Strong and forwarded the same to the defendant, and said proofs were accepted and retained by said defendant." The injury occurred, as found in another place, on the 18th day of November, 1893, and the death within ninety days of that time, though it is not shown on what day or in what month. Assuming that the notice was given in time, it is not shown that it conformed to the requirements of the policy in other respects. Proof of the death of the insured was not what was stipulated for in the contract. Not a word is found as to the contents of the notice. It may have referred to the injury from which it is found Otho Strong died, or it may not. That the appellant ever received any notice of the injury for which the claim was made is not found, nor is it shown that any of the particulars of the injury were given in such notice, as required by the policy.

An attempt is made to find a waiver, but unsuccessfully so we think. It is found that the appellant "refused to acknowledge any liability on the policy when notified as aforesaid," and "refused to send to the plaintiff, or to any one for her, any blank forms upon which to make out the proofs of death of said Otho Strong."

The mere fact that the appellant "accepted and retained" the proofs of death, or failed to furnish blanks to enable the appellee to make proof, does not constitute a waiver of such proof. The contract does not provide that the company will furnish blanks for that purpose. If the proofs were furnished too late (and there is nothing in the finding to show the contrary), the mere fact that they were retained does not revive the company's liability. *Phœnix Insurance Co.* v. *Pickel,* 3 Ind. App. 335; May Ins., section 507; *Commercial Union*

*Assurance Co.* v. *State, ex rel.*, 113 Ind. 331; *Continental Insurance Co.* v. *Dorman,* 125 Ind. 189.

There is no finding that the appellant ever denied any liability. The mere fact that it refused to acknowledge such liability cannot be taken as a waiver of proof of the injury.

We think the finding is fatally defective in respect of proof of notice of the injury. In furtherance of justice a new trial is directed.

Judgment reversed.

Filed October 17, 1895.